PERRY STEPHENS, Plaintiff in Error, *v.* PETER BICHNELL, Defendant in Error.

### ERROR TO CLARK.

Upon the foreclosure of a mortgage given to secure the purchase money for premises, it is not necessary that the wife of the mortgagor should be made a party to the bill.

Where the mortgagor is insolvent, and the premises are not worth the amount due upon the mortgage, a strict foreclosure may be decreed.

Where a defendant to a suit in chancery has suffered a default, it is discretionary with the court to require evidence sustaining the allegations in the bill, and he cannot assign for error that the proof was insufficient.

Collins and Stephens purchased land jointly, giving their joint notes secured by a mortgage upon the same premis-s for the purchase money. They then partitioned the premises, each agreeing to provide for a specified proportion of the purchase money. Collins paid up his part and procured a release of the premises set off to him. *Held,* that it was proper for the mortgagee, in foreclosing, to take a decree against Stephens alone for the balance due.

THIS was a bill filed, in the Circuit Court of Clark county,

by Peter Bichnell, the defendant in error, against the plaintiff in error, and Amos Collins and William Collins, to foreclose a mortgage. The bill states the sale of the premises by complainant to the defendants, Perry Stephens and Amos Collins, and the execution of notes and a mortgage upon the same premises to secure the purchase money. The mortgage was executed and acknowledged by Amos Collins and Stephens and his wife. That Collins and Stephens subsequently made a partition of the premises, and agreed that each should assume and pay off a certain proportion of the indebtedness secured by the mortgage. That Amos Collins had paid off his proportion of the payment, and that complainant had released to him the land allotted to him by the partition. That Stephens had failed to pay his part of the debt, that the land set off to him was not worth the amount due upon the mortgage, and that Stephens was insolvent. That Stephens had neglected to pay taxes, and thereby compelled complainant to pay them to protect himself, and that complainant had been compelled to pay the costs in a suit to enjoin Amos Collins and Stephens from committing waste on the premises, which costs were awarded against the defendant. That William Collins claimed some interest in premises, but that the nature and extent of it was unknown to complainant, but that such claim was fictitious and fraudulent. Prayed a strict foreclosure as to the portion of the mortgaged premises set off to Stephens by the partition.

Service was had on Stephens, and notice of publication as to Amos and William Collins. Default as to all the defendants, and a decree that Stephens pay the balance due upon the mortgage with interest, the amount paid by complainant for taxes and the costs in the injunction suit, within four months, or in default thereof, that he be forever barred and foreclosed of all equity of redemption in the premises.

Stephens brings the case to this court by writ of error.

C. H. Constable, for Plaintiff in Error.

John Scholfield, for Defendant in Error.

Breese, J. This case is submitted on the record and assignment of errors, and briefs and authorities. The principal errors are, the want of necessary parties to the bill, in decreeing a strict foreclosure, and insufficiency of the evidence. The case was, a bill filed by mortgagee against the mortgagors of certain lands for a strict foreclosure, and a decree *pro confesso* rendered. The mortgage was given to secure the pay-

ment of the purchase money of the lands, and was executed simultaneously with the deed, and the wife of one of the mortgagors was not made a party to the bill. Section four, of chapter 34, provides, where a husband shall purchase lands during coverture, and shall mortgage such lands to secure the payment of the purchase money thereof, his widow shall not be entitled to dower out of such lands, as against the mortgagee, or those claiming under him, although she shall not have united in such mortgage. (Scates' Comp. 152.) This was the rule at the common law. The seizin of the husband passing from him *eo instanti* that he acquired it, and being immediately revested in the grantor, the widow could not claim dower in the premises. *Stow* v. *Tift*, 15 Johns. R. 461; 14 Kent's Com. 38, 39, and cases cited in note (*a*). If then the widow would not be endowable, the wife, whilst the husband is living, can have no interest in the premises, and consequently she need not be a party to the bill.

The object in making the wife a party, is to bar her dower. *Gilbert* v. *Maggard*, 1 Scam. 471. So in the case of *Leonard* v. *Adm'r of Villars*, 23 Ill. 379, this court held, that the wife of a mortgagee was a necessary party to a bill to foreclose, but that was a case where the mortgage was not given to secure the purchase money, for the land mortgaged. In that case the wife had a dower interest, as against the mortgagee, and the equity of redemption of such dower interest remained in her, and she was, therefore, a necessary party to protect that interest.

As to decreeing a strict foreclosure, that was discretionary with the court, under the circumstances. It is alleged in the bill, and confessed, that the lands mortgaged are not equal in value to the purchase money due; it was then in the discretion of the court to decree a strict foreclosure, the effect of which is to vest the title absolutely in the mortgagee. The usual mode in this State, of foreclosing a mortgage, is by ordering the mortgaged premises to be sold, yet the power of strict foreclosure is frequently exercised, and probably, never refused when the interests of both parties manifestly require it, as when the mortgagor is insolvent, and the mortgaged premises are not of sufficient value to pay the debt and costs, as in this case, the bill averring both insolvency of the mortgagor and insufficiency of the mortgaged premises, and those allegations are confessed, and the bill prays a strict foreclosure. We have no statute prohibiting a strict foreclosure. *Johnson* v. *Donnel*, 15 Ill. 97; *Vansant* v. *Almon*, 23 id. 33.

It cannot now be urged here, that the evidence, on which the decree passed, was insufficient, the rule being well settled,

that when a bill is taken for confessed, the party against whom the decree is taken cannot complain and assign for error, the insufficiency of the evidence. The nineteenth section of our chancery code provides that, " where a bill is taken for confessed, the court, before a final decree is made, if deemed requisite, may order the complainant to produce documents and witnesses to prove the allegations of his bill, or may examine the complainant on oath or affirmation, touching the facts therein alleged ; such decree shall be made in either case, as the court shall consider equitable and proper."

With such a discretion vested in the court, it could not be urged, that the court acted upon insufficient proof, because, it would not be error to pass a decree without any proof. *Manchester et al.* v. *McKee, Ex'r*, 4 Gilm. 517.

As to the error assigned in not taking a decree against the two Collins, it is only necessary to say, there was no necessity for a decree against them, as they and Stephens had divided the land between them, and had paid complainant for their share, and the foreclosure was brought only against Stephens' interest. The defendants Collins, were so, nominally only, and they do not complain of want of notice, or bring the case here. It was Stephens' interest in the land, that was affected. It was quite proper to decree that Stephens should pay the balance due on the mortgage, as the Collins had paid their proportion, and had been released. We see no error in the decree, and accordingly affirm the decree.

*Judgment affirmed.*