### JONATHAN LICHTY V. FINLEY McMARTIN.

1. PROMISSORY NOTE; MORTGAGE; *Action where Note is secured by Mortgage.* The owner and holder of a promissory note to secure which note the maker thereof gave a mortgage on real property, is not required to foreclose said mortgage, but may bring his action on the note alone wherever he may find the maker of the note; and this, whether the note and mortgage were given in this state or elsewhere, whether the mortgaged premises are situated in this state or any other state, or whether the mortgagor (maker of the note) has or has not sold and conveyed the mortgaged premises to a third party subject to said mortgage-debt.

2. ———— The *note* is the primary evidence of the debt. The *mortgage* is only a security for the payment of the note. The action on the note is *transitory*, and may be brought wherever the debtor may be found. The action to foreclose the mortgage is *local*, and can only be brought in the county and state where the land lies. But the holder always had and still has his election, whether he will sue on the note alone, or sue on the note and mortgage together.

### *Error from Brown District Court.*

McMARTIN brought suit on certain notes which *Lichty* had given him, and which were unpaid. Said notes were given as a part of the purchase price of a mill in Dixon, Illinois, and payment of them was secured by a mortgage on the mill. *Lichty*, after having paid *McMartin* $16,000 of the purchase price, sold the mill to one Wood; and in the deed to Wood it was stipulated that Wood should pay off the mortgage as a part of the purchase price. To this arrangement *McMartin* assented. These facts were set up by *Lichty* by way of estoppel. The plaintiff demurred to the answer. The action was tried on this issue at the August Term 1872 of the district court. The court sustained the demurrer, and gave judgment in favor of *McMartin* for the amount of the notes, and costs. *Lichty* brings the case here.

*C. W. Johnson*, for plaintiff in error:

We say that there is equity in the answer, and the court erred in sustaining the demurrer: see cases in 9 Paige, 446; 10 Paige, 595; 2 Denio, 595; 2 Barb., 16; 3 Selden, 171;

2 Sandf. Ch., 251, 478; 24 N. Y., 172; 21 N. Y., 96; 47 Barb., 439; 35 N. Y., 677; 3 Barb. Ch., 613; 52 Barb., 396; 41 Ill., 110; 42 Ill., 261; 2 Lead. Cas. in Eq., 235.

These authorities clearly show that a new contract and relationship exists by virtue of the transfer of the burdened estate; that Wood becomes principal, and Lichty surety, in equity; the land, the primary fund for the payment of the debt, appropriated and set apart for that purpose by the mutual agreement of all the parties. Then cannot Lichty stop the collection of this debt from him until after the fund is exhausted? That he can, see *King v. Baldwin*, 2 Johns. Ch., 554; 4 id., 123; 18 Barb., 561; 7 Johns., 337; 2 Ves., jr., 542; 1 Comst., 595.

*Schloenheil & Towle,* and *W. W. Guthrie,* for defendant in error:

The undoubted current of authority is in favor of the concurrent remedies of the mortgagee, by foreclosure, and a suit at law upon the notes, or either, at the mortgagee's election. See 10 Johns. Ch., 481; 2 Johns. Ch., 125; 23 Ill., 30; 6 Gray, 439; 2 Hill. on Mort., 4th ed., 103, 107, (and generally the chapter on "Concurrent Remedies;") 4 Blackf., 381.

At common law the mortgagee had three methods by which he could enforce satisfaction of his demand against the mortgagor, concurrently or separately, namely: 1st, by ejectment; 2d, by foreclosure; 3d, by action on the bond, or note. The statutes of Kansas have abrogated the common-law attributes of mortgages, as expressed by the court in the case of *Chick v. Willet,* 2 Kas., 391, so far as relates to right of ejectment, thereby confining the mortgagee to remedy by suit upon note, and foreclosure of mortgage, as ancillary thereto. (Code, § 399; 6 Kas., 192; 7 Kas., 419.) The debt constitutes the only matter upon which the mortgagee can base an action against the mortgagor to enforce satisfaction; that is to say, the mortgaged property is a naked security, which the mortgagee may or may not subject to the payment of the debt. At his election he can pursue his remedy simply upon the debt, obtain judgment and execution against the mortgagor,

(without enforcing by judgment or decree of court the mort-gage-lien upon the property,) and apply the proceeds thereof to the payment of the debt.

The opinion of the court was delivered by

VALENTINE, J.: This was an ordinary action on two promissory notes. The defendant (now plaintiff in error) set up as a defense in substance as follows: "The notes are secured by a certain mortgage on a certain mill in the State of Illinois; these notes with said mortgage, together with certain other notes not yet due, were given by the defendant to the plaintiff on January 20th 1868, in the state of Illinois, for the purchase-money of said mill; that about October 1869 defendant, with the knowledge and approbation and consent of plaintiff, sold the remaining estate in him in said mill to one Louis Wood, of Dixon, Illinois; that in said sale to said Wood by the consent of plaintiff it was there and then expressly stipulated and agreed between defendant and said Wood that the latter took said mill subject to the mort-gage of plaintiff, and charged with said debt, said debt so assumed by said Wood being made a part of the consideration of said sale; that said property still exists, unchanged, and undiminished in value, and is of ample and of abundant value to pay off and discharge said debt." The plaintiff demurred to this defense. The court sustained the demurrer, and the defendant excepted. The defendant also made two motions to stay execution, which motions were overruled by the court, and the defendant excepted.

The only question raised by said demurrer and by said motions, and indeed the only question involved in this case is, whether the plaintiff may sue on said notes alone, and in Kansas, or whether he must go back to Illinois, and there institute a proceeding on the notes and mortgage together and for the purpose of making the mortgaged property pay the debt. We suppose there can be no doubt about the plaintiff's right to sue on the notes alone, and in Kansas. The debt is the primary obligation between the parties. The notes are

the primary evidence of that debt, and the mortgage is only a security for the payment of the notes. The action on the notes is transitory; the action to foreclose the mortgage is local; and while the plaintiff can foreclose his mortgage in the county and state only where the property is situated, yet he may sue on the notes wherever he may find the defendant. And he always has his election whether he will sue on the notes alone, or sue on the notes and mortgage together. This is not only the law in Kansas, but it is also the law in Illinois, and elsewhere. (*Vansant v. Allmon*, 23 Ill., 30, 33; and cases cited in brief of defendant in error.) In this state there is nothing like a strict foreclosure of a mortgage. The plaintiff must always sue for the debt whether he asks to have the mortgaged property applied in payment thereof or not; (Code, § 399; ch. 87, Laws of 1870, page 175, § 13;) and his judgment is always a personal judgment for the debt whether he obtains an order to have the property sold to satisfy the debt or not.

Before closing we would say that there is no allegation in the defendant's answer that the plaintiff ever agreed to relinquish any right that he at any time had by virtue of said notes and mortgage. He merely knew and consented that the defendant should sell the mill to Wood; but the agreement that Wood should pay the mortgage was between Wood and the defendant alone. The plaintiff never released the defendant. And we see nothing especially equitable in requiring the plaintiff to go back to Illinois to commence his action.

The judgment of the court below is affirmed.

All the Justices concurring.