## WILLIAM LOHMEYER *et al.*

*v.*

## ELIZA A. DURBIN.

*Opinion filed December 16, 1903—Rehearing denied February 3, 1904.*

1. MORTGAGES—*agreement to execute a purchase money mortgage may be enforced.* As against one who has agreed to execute a purchase money mortgage, a court of equity will treat that as done which ought to have been done, and may render a decree subjecting the premises to the payment of the amount due.

2. SAME—*wife has no dower right against purchase money mortgage.* As against a purchase money mortgage or a vendor's lien the wife has no right of dower, and is not a necessary party to a proceeding to subject the land to the payment of the amount due under such mortgage or lien.

3. DOWER—*when the foreclosure of purchase money mortgage does not affect dower rights.* Where the wrong tract of land is described in the bill and in the decree establishing and foreclosing a purchase money mortgage, the dower rights of the wife, who was not a party to the proceeding, are not affected by the decree and sale.

4. SAME—*what does not bar right of dower.* Under section 16 of the Dower act no default or acquiescence on the part of the husband, nor any decree confessed or judgment recovered against him, bars the right of the wife to dower if she is otherwise entitled thereto.

5. SAME—*proof of alleged mistake in a foreclosure decree must be clear.*
To justify granting petition for dower in lands sold under a decree
establishing and foreclosing a purchase money mortgage, proof of
the alleged mistake in subjecting the wrong land to the payment
of such mortgage must be clear, and if the facts proven are not in-
consistent with the allegations of the bill and the findings of the
decree in the foreclosure proceeding, relief should be denied.

APPEAL from the Circuit Court of McLean county;
the Hon. JOHN H. MOFFETT, Judge, presiding.

This is an appeal from the circuit court of McLean
county to reverse a decree in favor of appellee, against
appellants, for the assignment of dower.

A petition was filed on January 23, 1900, by appellee,
alleging the marriage of petitioner to Daniel M. Durbin,
and that he died intestate June 25, 1899, and who, during
said marriage, was seized in fee of the north-east quar-
ter of section 8, township 21, north, range 5, east of the
third principal meridian, in McLean county, Illinois, in
which, upon his death, she became entitled to dower.
She further alleged that William Lohmeyer is the pres-
ent owner and occupant of the north one hundred acres
and John Mullen of the south sixty acres of said quarter
section, subject to her dower, and makes them parties
defendant.

Lohmeyer and Mullin first filed a plea to the petition,
setting up that on November 21, 1859, in the circuit court
of said county, John R. Blackford, Dudley Richards and
Asa Weedman filed their bill in chancery against the said
Daniel M. Durbin and Amos Durbin, his brother, charg-
ing that on June 20, 1855, the said Blackford sold and
caused to be conveyed to Daniel M. Durbin the property
described in complainant's bill, together with other prop-
erty, for the sum of $1470, evidenced by four notes for
$367.50 each, falling due on February 1, 1856, February 1,
1857, February 1, 1858, and February 1, 1859, respectively,
with interest at six per cent, signed by said Durbin and
payable to said Blackford; that on the making of said

sale Blackford gave Durbin a bond for a deed, and when the first payment was made, as a part of the consideration for the conveyance of said lands to him, Durbin agreed to execute and deliver to Blackford a mortgage on the premises sold, to secure the remainder of the purchase price; that Blackford, relying upon said agreement, caused a warranty deed to be made and delivered to him, the said Durbin, but that he failed to make the mortgage as he had agreed to do; that by said bill it was further alleged that the first note had been assigned to Asa Weedman and the other two to Dudley Richards, none of which had been paid, the said Durbin being insolvent, and that said Blackford, who assigned said notes, will be compelled to pay the same by reason of his endorsement thereof; that he supposed he had the mortgage agreed to be made by Durbin, but had since ascertained that by mistake or fraud he had failed to execute the same; that since the conveyance to him, and before the filing of the bill, Durbin had mortgaged the land to his brother, Amos H., for $300 or $400, and that the said mortgage was fraudulent and void as to the creditors of the said Daniel M. Durbin; that the prayer of said bill was for a cancellation of the mortgage by Daniel M. to Amos H. Durbin, and that the former be decreed to pay said several notes, and in default thereof said real estate be sold to satisfy the same, and for general relief. The plea further set up that upon the filing of said bill the defendants thereto, Daniel M. Durbin and Amos H. Durbin, were duly brought into court, the former by summons and the latter, who was a non-resident, by publication, and at the September term, 1860, of said court a decree was rendered finding, in substance and effect, the facts alleged in the bill to be true, and decreeing that complainants were entitled to a lien in the nature of an equitable purchase money mortgage, and directing that the property be sold to pay the balance due on the unpaid purchase money notes, which decree remains in

full force and effect; that the property in question was, in pursuance thereof, advertised and sold, and the defendants, relying upon such finding and decree, without notice of any claim on the part of appellee, in good faith and for value, by *mesne* conveyances through the purchasers at said sale became the owners of said property, and that by reason of the premises appellee is not entitled to dower therein.

The plea being set down for hearing, was sustained by the court, and thereupon the complainant, by leave obtained for that purpose, filed an amended bill or petition, in which she alleged that on March 29, 1855, William L. Drybread and wife, by warranty deed, conveyed to Daniel M. Durbin the land in question, again setting up her marriage to him, his death and seizin of said real estate, and her right of dower therein. She also alleged in her amended bill that on June 6, 1855, John R. Blackford sold and caused to be conveyed to Daniel M. Durbin property other than that now in question for a consideration of $1470, for which the purchaser gave his promissory notes; the assignment of the last three; the failure of Durbin to pay the same; the filing of the bill by Blackford, Richards and Weedman to foreclose a lien on said property for the purchase money, as alleged in said plea. She then alleged that the property in controversy in the present suit was included in that bill by mistake, and a decree entered directing that the same be sold to satisfy the said notes, etc.

The defendants presented a special demurrer to the amended bill, which being overruled, they filed their joint answer denying the allegations of mistake and setting up the same facts pleaded to the original bill. A replication was filed and the cause referred to the master in chancery, who thereafter made his report, finding that the material allegations of the amended bill were true and complainant entitled to the relief prayed, and recommending a decree in her favor. Exceptions to that re-

206—37

port were overruled and a decree rendered accordingly. The defendants thereupon prayed and have perfected this appeal.

HERRICK & HERRICK, and BARRY & MORRISSEY, for appellants:

Upon a sale of land by the enforcement of a vendor's lien the purchaser takes it discharged of all claim of dower on the part of the wife of the vendee. 1 Scribner on Dower, 557.

The lien of a vendor for the purchase money of land is superior to the dower right of the vendee's widow. *Boyd* v. *Martin,* 9 Heisk. 382; *Birnie* v. *Main,* 29 Ark. 591; *Cooke* v. *Bailey,* 42 Miss. 81.

A wife is not a necessary party to a bill to foreclose a purchase money mortgage. *Stephens* v. *Bicknell,* 27 Ill. 444; *Short* v. *Raub,* 81 id. 509.

The wife of a purchaser is not a proper party to an action to enforce a vendor's lien. *Mutual Building Ass.* v. *Wyeth,* 105 Ala. 639.

An agreement between vendor and vendee that the latter shall execute to the former a mortgage upon the land to secure payment of the purchase price will give the vendor or his assignee the same rights, in equity, as if the mortgage had been executed. *Morrow* v. *Turney,* 35 Ala. 131; *Richardson* v. *Hamlett,* 33 Ark. 237.

Under the maxim that equity will treat that as done which ought to be done, an agreement to execute a mortgage is frequently treated as a mortgage. *Hall* v. *Hall,* 50 Conn. 111; *Daggett* v. *Rankin,* 37 Cal. 321; *McQuire* v. *Peay,* 58 Mo. 56.

In a suit to foreclose a vendor's lien against the husband, where the wife was not a party and the husband failed to avail himself of a certain defense, it was held that she was bound by the decree, and would not be permitted to show that the facts were contrary to the findings in the decree. *Sarver* v. *Clarkson,* 59 N. E. Rep. 933.

Where the court has jurisdiction of the parties and the subject matter, its judgment, unless reversed or annulled in a direct proceeding, is conclusive, and is not open to collateral attack by the parties or their privies. *Clark* v. *People,* 146 Ill. 348.

WELTY & STERLING, and EWING, WIGHT & EWING, for appellee:

A vendor's lien is not assignable and does not pass upon the assignment of the notes. *Richards* v. *Leaming,* 27 Ill. 431; *Keith* v. *Horner,* 32 id. 524; *McLaurie* v. *Thomas,* 39 id. 291; *Moshier* v. *Meek,* 80 id. 79; *Markoe* v. *Andras,* 67 id. 34; *Elder* v. *Jones,* 85 id. 384; *Lehndorf* v. *Cope,* 122 id. 317; *Gruhn* v. *Richardson,* 128 id. 184; *Martin* v. *Martin,* 164 id. 640.

The execution of a mortgage on the lands sold, thereby creating an express lien, is inconsistent with and excludes the theory of an implied lien. So here, the bill, by alleging a mortgage, alleges, in effect, a waiver of the implied or vendor's lien. *Kirkham* v. *Boston,* 67 Ill. 599; *Baker* v. *Updike,* 155 id. 58.

A right of dower in land is inchoate,—a mere expectancy,—until consummated by the death of the husband. *Henson* v. *Moore,* 104 Ill. 403.

A wife cannot be divested of her dower through any instrumentality, or by a decree of any court of law or equity, without her full and free concurrence. *Ex parte McElwain,* 29 Ill. 443.

The purchasers had notice of the rights of appellee. *Morris* v. *Hogle,* 37 Ill. 157.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The correctness of the ruling of the chancellor upon the plea to the original petition was, we think, clearly right. It presented a complete defense to the claim of dower alleged in that petition. We regard the bill set up in that plea as in substance one to foreclose a mort-

gage given to secure purchase money. If Durbin in fact bought the land in question from Blackford, and agreed with him to execute and deliver back a mortgage to secure the unpaid purchase money, then, as against Durbin, a court of equity could properly treat that.as done which was agreed to be done, and render a decree subjecting the premises to the payment of the amount remaining due and unpaid. (*Richardson* v. *Hamlet,* 33 Ark. 237; *Marrow* v. *Turney,* 35 Ala. 131.) Under the maxim that equity will treat that as done which ought to be done, the agreement to execute a mortgage to secure the payment of the purchase money could be treated as such a mortgage. (*Daggett* v. *Rankin,* 37 Cal. 321; *Hall* v. *Hall,* 50 Conn. 111; *McQuire* v. *Peay,* 38 Mo. 56.) To the same effect is *Sprague* v. *Cochran,* 144 N. Y. 112. As against a purchase money mortgage a widow has no right of dower. It is expressly so provided by our statute. (2 Starr & Cur. Stat.—2d ed. —chap. 41, par. 4.) The statute is but a re-enactment of the common law. "The seizin of the husband passing from him *eo instanti* that he acquired it, and being immediately re-vested in the grantor, the widow could not claim dower in the premises." (*Stephens* v. *Bichnell,* 27 Ill. 444, and cases cited.) Hence the wife is neither a necessary nor proper party to a bill to foreclose such a mortgage. (*Stephens* v. *Bichnell, supra; Baker* v. *Scott,* 62 Ill. 86; *Short* v. *Raub,* 81 id. 509.) The same rule is applicable to a proceeding to enforce a vendor's lien. *Mutual Building and Loan Ass.*v. *Wyeth,* 105 Ala. 639; *Sarver* v. *Clarkson,* 59 N. E. Rep. 933.

But it is unnecessary to pursue this inquiry. We entertain no doubt that the petitioner below is concluded by the decree rendered upon the bill of Blackford *et al.* *v.* Durbin, and barred of all right of dower in the lands in question unless they were described in that bill and decree by mistake or fraud, and the decree in her favor was manifestly rendered by the court below upon that theory. It seems to be thought by counsel for appellants

that she cannot, in this action, be heard to urge that there was such a mistake. We are unable to perceive upon what reason or authority that position can be sustained. Section 1 of the Dower act unquestionably gave her a right of dower in the lands if the facts alleged in her amended petition are true; that is, she was endowed of the third part of all the lands whereof her deceased husband was seized of an estate of inheritance at any time during the marriage unless she had relinquished the same in legal form. Her petition was filed within a few months after the death of her husband, when her inchoate right of dower became consummate, and until which time she had no interest in the lands which she could assert. It makes no difference that the proceeding to foreclose the equitable mortgage set up first in the plea and afterward in the answer was a proceeding *in rem* and binding upon all the parties thereto and their privies in estate and could not be attacked by any of them in a collateral proceeding. Appellee was not a party to that bill or decree. It cannot be seriously urged that her husband so far represented her interests in that case as to conclude her. Any mistake made or fraud committed in that proceeding cannot bind her in this. If, as a matter of fact, her husband did not purchase the north-east quarter of section 8 of Blackford, or receive any deed of conveyance from or through him, and if the alleged agreement to give a mortgage to secure the unpaid purchase money related to other and different lands but was made to apply to said quarter section by fraud or mistake, no default of her husband or acquiescence on his part could effectually bar her right of dower therein. Section 16 of the Dower act provides: "No judgment or decree confessed or recovered against a husband or wife, and no *laches*, default, covin, forfeiture or crime of either, * * * shall prejudice the right of the other to dower or jointure, or preclude the other from the recovery thereof if otherwise entitled thereto."

While, as already said, if the husband purchased the north-east quarter of section 8 of Blackford and agreed to give him a mortgage to secure the unpaid purchase money the wife (appellee) would not be a proper party to a bill to foreclose such a mortgage, because, as against such a mortgage, she would have no right of dower, yet if the lands described in that bill were not purchased from Blackford or conveyed by or through him to the husband, then the wife became seized of an inchoate right of dower in the premises, and clearly no judgment or decree of a court could effectually deprive her of that right without giving her a day in court. It is only where the wife joins with her husband in the execution of a mortgage for the purpose of relinquishing her dower that she becomes a necessary party to foreclose the same, and the only necessity for making her a party then is to bar her equity of redemption in her right of dower, or to give her the opportunity to redeem and prevent a sale of the mortgaged premises. (*Wright* v. *Langley*, 36 Ill. 381; *Camp* v. *Small*, 44 id. 37; *Pope* v. *North*, 33 id. 440; *Sheldon* v. *Patterson*, 55 id. 507.) If a husband executes a mortgage upon real estate of which he is seized during his marriage, without his wife joining therein, the mortgage may be foreclosed without the wife being made a party, and while she would have no interest in the land which could be asserted during the lifetime of her husband, it has never been claimed that she could not upon his death enforce her right to dower, or that such right would in any way be affected by the decree of foreclosure against the land and her husband. There is in this case no question of *laches* or limitation. Appellee brought her action promptly upon the death of her husband. Upon the allegations of her amended petition, properly sustained by proofs, she was entitled to the decree in her favor. The proof should, however, as in all cases of alleged fraud or mistake, have been clear and satisfactory. Especially is this true where the decree called in question has re-

mained in force for so many years. Does the evidence offered by appellee meet this requirement of the law? We think not. As appears from the abstract, the only proof offered on that subject was the record of a certificate of entry, as follows: Original entry in the county clerk's office in McLean county, Illinois, not paged, shows entry of north-east quarter of section 8, town 21-5, September 27, 1852, by William L. Drybread; a deed from William L. Drybread and wife to Daniel M. Durbin dated May 29, 1855, for the premises in question; also the bill by John R. Blackford, D. Richards and Asa Weedman against Daniel M. Durbin and Amos H. Durbin, filed November 21, 1859, in the circuit court of McLean county, Illinois; also the summons and return thereof and the decree rendered in said cause.

Conceding that the certificate of entry was competent evidence to prove title in William L. Drybread, the deed of himself and wife to Daniel M. Durbin dated May 29, 1855, does not disprove the allegation of the Blackford bill that he *"sold and caused to be conveyed to Daniel M. Durbin* the north-east quarter of section 8," etc., nor the recital in the decree that "on June 26, 1855, said Blackford sold and caused to be conveyed to Daniel M. Durbin the north-east quarter of section 8," etc. The fact that Drybread and wife executed a deed for the land in question to Daniel M. Durbin dated May 29, 1855, does not prove that John R. Blackford did not sell and cause to be conveyed the same lands to Daniel M. Durbin on June 20, 1855. In other words, all that the petitioner proved may be true and the allegations of the Blackford bill and the findings and decree thereon be also true.

We are of the opinion, therefore, that the decree below was unauthorized by the evidence, and it will accordingly be reversed and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.                    *Reversed and remanded.*