ELVIRA E. HARROW

*v.*

JEREMIAH GROGAN *et al.*

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. MORTGAGES—*when mortgage is presumed to be for purchase money.* A mortgage by a grantee to his grantor, executed, acknowledged and recorded on the same day the deed between the parties was made, will be presumed, in the absence of evidence to the contrary, to be a purchase money mortgage, and the mortgagor's widow, even though she did not sign the mortgage, is not entitled to dower as against the mortgagee and those claiming through him.

2. PARTIES—*wife not a necessary party to bill to foreclose purchase money mortgage.* A wife is not a necessary party to a bill to foreclose a purchase money mortgage executed by her husband but in which she did not join.

3. JURISDICTION—*on collateral attack the presumptions are in favor of jurisdiction.* When a foreclosure decree is attacked collaterally, the specific objection to jurisdiction being that the defendant was notified to appear on the second instead of the first Monday of the term, if there was ample time between the time the defendant was notified to appear and the time the decree was rendered for the defendant to have been served with process, by summons or publication, it will be presumed such service was had.

4. BRIEFS—*new points cannot be raised in reply brief.* Points relied upon for reversal should be urged in the original brief of the appellant or plaintiff in error and cannot be urged for the first time in the reply brief, and when so urged will be disregarded.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

SAMUEL B. KING, and JULE F. BROWER, for appellant.

ROSENTHAL, KURZ & HIRSCHL, (FRANCIS J. HOULI-HAN, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition filed by the appellant in the circuit court of Cook county, praying for the assignment of dower to her in block 13, in canal trustees' subdivision of section 7, township 39, north, range 14, east of the third principal meridian, Cook county, Illinois, as the widow of Thomas A. Harrow, deceased. The persons in possession of said premises, as owners or otherwise, were made parties defendant, and answers and replications having been filed, a trial was had in open court and a decree was entered dismissing the petition at the petitioner's cost, and she has prosecuted an appeal to this court.

It appears from the evidence that Thomas A. Harrow purchased said premises from Samuel M. Hart on the 23d day of February, 1854, for the consideration of $12,000, and on that day received a warranty deed therefor from Hart and wife, which was filed for record and recorded in the recorder's office of Cook county on March 3, 1854, and on the same day said warranty deed bears date Harrow executed his four promissory notes to said Samuel M. Hart for a sum aggregating about the sum of $10,000, which were secured by a mortgage given by Harrow (which the petitioner did not sign) to Hart on the said premises, bearing even date with said deed, and which mortgage was recorded in the recorder's office of Cook county on March 3, 1854. Harrow made default in the payment of a part of said notes, and on June 4, 1857, the Farmers' Bank of Kentucky and others filed a bill against Harrow and others in the Cook county court of common pleas, which ripened into a decree foreclosing said mortgage and ordering a sale of said premises

to satisfy said decree, and on March 29, 1858, said premises were sold by the master in chancery of said court to one Burdsal for the sum of $7347.39 in satisfaction of said decree, which sale was approved by the court and a certificate of sale was issued by the master to Burdsal. On March 18, 1859, Rachel Thurston recovered a judgment against Thomas A. Harrow in the circuit court of Cook county for the sum of $8019.81. On June 29, 1859, Rachel Thurston, as a judgment creditor of Thomas A. Harrow, redeemed from said foreclosure sale of March 29, 1858, by paying to the master the sum of $8265.81, and the sheriff of Cook county thereupon levied upon said premises by virtue of an execution then in his hands, issued upon said judgment in favor of Rachel Thurston against Thomas A. Harrow, and said premises were re-sold by the sheriff, under said execution, to Hiram A. Tucker (to whom Rachel Thurston had assigned the certificate of redemption and said judgment against Thomas A. Harrow) for the amount of said redemption money, and the sheriff executed a deed to Hiram A. Tucker. It is admitted that the petitioner was married to Thomas A. Harrow on October 6, 1853; that Thomas A. Harrow became seized of said premises on March 3, 1854, and that Thomas A. Harrow died on the first of September, 1890, and that the petitioner is entitled to dower in said premises unless she was barred thereof by said mortgage and the foreclosure and sale under the decree foreclosing the same, and the redemption from said sale and the re-sale of said premises to Thomas A. Tucker under said Thurston judgment. The question, therefore, here presented for decision is not whether the appellant was *prima facie* entitled to dower in said premises, but was a bar to her claim of dower shown by the defendants?

The first question which presents itself for consideration is, was the mortgage from Thomas A. Harrow to Samuel M. Hart a purchase money mortgage? If it was not, the petitioner is clearly entitled to dower in said premises. If it was

and the present owners of said premises took title through said mortgage and its foreclosure was regular, then she is barred of her dower.     The petitioner testified her husband purchased said premises of Samuel M. Hart for $12,000 and that at the time of the sale he paid only a part of the purchase money; that she did not know how the balance of the purchase money was paid, but thought it was assumed by Rachel Thurston.    In June, 1857, Thomas A. Harrow, the then owner of the premises, filed a bill in chancery against Samuel M. Hart and others in the circuit court of Cook county to enjoin the foreclosure of said mortgage by *scire facias,* in which bill he alleged said mortgage was given to secure the payment of a portion of the purchase money of said premises due Hart, and the bill filed to foreclose said mortgage; also alleged, although the decree is silent upon that point, that the mortgage was a purchase money mortgage.   It also appeared that the purchase of said premises was the only purchase of real estate ever made by Harrow from Hart, and upon a trial of this case no other mortgage was shown to Hart from Harrow or Thurston in the chain of title to said premises, although at the hearing there was a complete abstract of title of said premises present.  The controlling fact, however, is, that the deed from Hart to Harrow and the mortgage from Harrow to Hart bore the same date and were filed for record the same day.   In *Gibson* v. *Brown,* 214 Ill. 330, it was held that the court would presume, from the fact that a deed and mortgage were made covering the same land on the same day between the same parties, that the mortgage was a purchase money mortgage; and in *Cunningham* v. *Knight,* 1 Barb. 399, that where, on the purchase of land, a deed is executed by the vendor and a mortgage on the land purchased is executed by the purchaser, and both conveyances are acknowledged and recorded at the same time, the presumption is that they were executed simultaneously and that the mortgage was intended to secure the purchase money, and that the purchaser having incidental seizin only,

his widow was not entitled to dower as against the mortgagee; and in *Ruffner* v. *Evans,* 2 Ohio Cir. Ct. 70, that where a grantee, on the date of the conveyance, gave a mortgage on the land to the grantor, the coincidence of date of deed and mortgage justifies a presumption that they were part of the same transaction and that the mortgage was given to secure the unpaid purchase money, and that, as against the mortgagee, the widow of the grantee is not entitled to dower.

The presumption that a mortgage executed by the ven-. dee to the vendor on the same day upon which the land is conveyed by the vendor to the vendee is a purchase money mortgage is not a conclusive presumption, but is rebuttable. Here, however, the presumption is not rebutted but is strengthened by other facts appearing in evidence, among which are the facts that at the time Harrow purchased the premises in question he paid only a part of the purchase money, and that afterwards, and while Harrow still retained the title, he filed a bill in which he alleged the mortgage was a purchase money mortgage. We are of the opinion the chancellor properly held, in view of all the evidence found in this record, that the mortgage from Harrow to Hart was a purchase money mortgage, and that, as against that mortgage, the petitioner was not entitled to dower.

The petitioner contends she was not a party to the suit in which the Hart mortgage was foreclosed and is not bound by that decree. She also urges that said foreclosure decree was not binding upon Thomas A. Harrow by reason of the fact, as she alleges, he was not properly notified of the pendency of said suit. The mortgage being a purchase money mortgage the petitioner was not a necessary party to the foreclosure suit, (*Lohmeyer* v. *Durbin,* 206 Ill. 574,) and the Cook county court of common pleas being a court exercising common law and chancery powers, while in the exercise of such powers all intendments and presumptions must be indulged which are necessary to sustain its decrees, unless the want of jurisdiction is made to appear. *Swearengen* v.

*Gulick,* 67 Ill. 208; *Barnett* v. *Wolf,* 70 id. 76; *Nickrans* v. *Wilk,* 161 id. 76; *Bradley* v. *Drone,* 187 id. 175.

The specific objection urged against jurisdiction as to Thomas A. Harrow is, that he was notified by publication to appear in said foreclosure suit on the second, instead of the first, Monday of September, 1857. The decree was not entered until February 8, 1858, and ample time intervened between the second Monday of September, 1857, and that date, for the complainants to have obtained service, either by summons or by publication, upon Thomas A. Harrow, and upon this a collateral attack the court, in order to sustain such decree, will presume such service was had. *Wells* v. *Mason,* 4 Scam. 84; *Kenney* v. *Greer,* 13 Ill. 432; *Wallace* v. *Cox,* 71 id. 548; *Benefield* v. *Albert,* 132 id. 665.

It is next urged the sheriff's deed to Tucker appears to have been a "duplicate," and that the same was issued eight years and one month after the sale to Tucker. The words found in the abstract of title which indicate the deed to have been a duplicate must be disregarded as surplusage, or the presumption obtain that there was an order of court authorizing the sheriff to execute a deed in lieu of a former deed which was lost, as it will not be presumed, in the absence of proof, that the sheriff wrongfully issued said deed, and the fact that the deed was issued more than eight years after the execution sale did not destroy its effect as a conveyance against Harrow or his heirs, (*Cottingham* v. *Springer,* 88 Ill. 90,) and we are of the opinion the deed should be held to have the same effect as against appellant.

It is, however, said the sheriff's deed to Tucker was not introduced in evidence. The foreclosure decree, the sale thereunder, the redemption from said sale and the re-sale under the Thurston judgment, and the making and recording of the sheriff's deed to Tucker, all took place prior to the great fire of 1871, when the records of Cook county were destroyed, and the only evidence found in this record of those transactions appears from extracts from certain ante-

fire abstracts, which, by stipulation of the parties, were read into the record. It clearly appears that the memorandum of the sheriff's deed to Tucker, found in said abstract, was before the court and was considered by the court in arriving at its decision. We are not disposed to reverse this case by reason of the fact that the memorandum of said deed appearing in the abstract was not fully incorporated in the bill of exceptions.

The counsel for appellant, in their reply brief, have advanced many reasons which, in their view, show said foreclosure and subsequent proceedings to be invalid and not a bar to appellant's dower in said premises, and have cited many authorities in support of their contentions not touched upon in their original brief or by appellee's counsel in their brief. It is not a proper practice to raise and discuss new questions, and cite authorities in support thereof, in a reply brief. Counsel for an appellant or a plaintiff in error should fully present their view in their original brief, as the office of a reply brief is to answer the contentions of counsel for the appellee or defendant in error, and not to present questions which counsel for the appellee or defendant in error, under the practice in this court, cannot have an opportunity to be heard upon. "Points relied upon for reversal must be made in the original argument of appellants or plaintiffs in error, thus giving opposing counsel an opportunity to be heard upon them, and cannot be raised for the first time in an appellate court by a mere reply brief and argument." (*Indiana Millers' Mutual Fire Ins. Co.* v. *People,* 170 Ill. 474.) The questions thus raised by counsel for appellant, for the reason suggested, and for the further reason that we deem them immaterial, have not been considered in this opinion.

The decree of the circuit court will be affirmed.

*Decree affirmed.*