Argued February 16, affirmed March 14, rehearing denied March 28, 1916.

## WRIGHT *v.* WIMBERLY.

(156 Pac. 257.)

Mortgages — Foreclosure — Deficiency Judgment — Statute — "Mortgagee."

1. Under Section 426, L. O. L., providing that, when a judgment is given for the foreclosure of any mortgage to secure payment of the balance of the purchase price of real property, it shall provide for the sale of the property to satisfy the judgment, but that the "mortgagee" shall not be entitled to a deficiency judgment on account of such mortgage, note or obligation secured thereby, plaintiff, the

assignee of a note and mortgage, without notice that the mortgage had been executed to secure any part of the purchase price of the mortgaged real property, neither the note nor the mortgage containing any statement to that effect suing to foreclose the mortgage, was not entitled to any deficiency judgment against the makers of the note.

[As to reasonable price when deficiency judgment is sought, see note in 103 Am. St. Rep. 54.]

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.    Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by A. H. Wright, as plaintiff, against L. Wimberly and Cora Wimberly, husband and wife, O. C. Jones, G. H. Carter, H. Doherty, Grace Burnett, W. H. Vrooman and E. Wagner to foreclose a mortgage.

It is alleged in the complaint that on January 28, 1910, the defendants L. Wimberly and Cora Wimberly, his wife, executed to O. C. Jones their promissory note of $3,000, payable on or before ten years with 6 per cent interest payable annually, and, if not so paid, the whole sum to mature upon such default at the option of the holder of the note, and in case of suit or action thereon, the makers promised to pay such additional sum as the court might adjudge reasonable as attorney's fees; that, in order to secure the payment of that note, the makers thereof executed to the payee named therein a mortgage of a tract of real property in Douglas County, Oregon, particularly describing the premises, which mortgage was duly recorded; that by sundry transfers the note and mortgage were duly assigned to the plaintiff, who is the owner and holder thereof; that default has been made in the payment of the matured interest, whereupon the plaintiff elected to treat the principal and such interest as due and payable and so notified the makers of the note and the

several indorsers thereof; that $300 is a reasonable sum as attorney's fees; that other named defendants have or claim some interest in or lien upon the mortgaged land, but that such assertion of right or estate is subordinate and inferior to the plaintiff's lien on the premises. In addition to the ordinary prayer for a decree of foreclosure and sale of the mortgaged premises, the plaintiff asks that, if the proceeds of such sale be insufficient to meet the payment of his demands, he may have judgment over against the makers of the promissory note for such deficiency, and that execution may issue for the collection thereof.

The averments of the complaint are admitted by the answer, which alleges that on January 27, 1910, for the consideration of $4,000 the defendant L. Wimberly purchased the real property described in the complaint from O. C. Jones and Ella Jones, his wife, who executed to him a deed therefor which was duly recorded; that he then paid them on account thereof $1,000, and he and his wife executed to O. C. Jones a mortgage of the real property so conveyed, to secure the payment of $3,000, the remainder of the purchase price of the premises, and for no other purpose. The prayer of the answer is that no deficiency judgment may be rendered against the makers of the promissory note.

The averments of new matter in the answer are denied, upon information and belief, in the reply which alleges that the plaintiff obtained the promissory note long prior to any default in the payment of interest, giving full value for it, and that he is an innocent purchaser thereof in good faith.

The cause being thus at issue was tried, whereupon the prayer of the complaint was granted, except that no deficiency judgment was rendered against the makers of the promissory note, from which decree the plaintiff appeals.    AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

For respondents there was a brief over the names of *Mr. A. N. Orcutt* and *Mr. Carl E. Wimberly,* with an oral argument by *Mr. Orcutt.*

Opinion by Mr. Chief Justice Moore.

1. A statute of this state, enacted in 1854, declares in effect that, when a promissory note is secured by a realty mortgage, upon a foreclosure thereof a deficiency judgment may be rendered against the mortgagors: Section 7106, L. O. L. This clause of the law was impliedly amended in part February 24, 1903, by an act which reads:

"When judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same": Section 426, L. O. L.

The defendant L. Wimberly testified in support of the averments of new matter in the answer as to the mortgage having been executed to evidence a part of the purchase price of the mortgaged premises. The plaintiff's testimony substantiates the averments of the reply with respect to the payment of the face value of the note, and that he took an assignment thereof without knowledge or notice that the mortgage had been executed to secure any part of the purchase price of the mortgaged real property. Neither the note nor the mortgage contains any statement that either was exe-

cuted to evidence any part of the consideration of the land so purchased.

It will be remembered that the statute quoted declares the "mortgagee" shall not be entitled to a deficiency judgment. If the phrase "the owner and holder of the mortgage" had been employed, instead of the word "mortgagee," the restriction in such cases might have been freed from all doubt. A perusal of the statute referred to will show that it is remedial in character, and for that reason it should be liberally construed. So interpreting the word "mortgagee," it is believed that the term is employed to mean that each assignee of the security is to be deemed, during the term of his ownership of the lien, as the mortgagee, thereby prohibiting him from securing a deficiency judgment on the foreclosure of a mortgage given to secure any part of the purchase price of land. Any other conclusion would permit a mortgagee of real property to assign a mortgage thereof, and thus defeat a right expressly granted by statute to the mortgagor for his benefit and protection. It is the undoubted policy of the law to protect the head of a family by granting to him a homestead that is exempt from execution. So, too, upon principle, it must be true that the legislative assembly encourages the acquisition of title to land, even upon payment of a part of the consideration, and the giving of security for the remainder of the purchase price by the execution of a mortgage of the premises, limiting a recovery, in case of foreclosure, to a forfeiture of the payment made as a part of the consideration, and restoring to the mortgagee his original estate in the premises. By such statutory restriction a timid purchaser might venture to secure a home for himself and family by giving part of the consideration, hoping to be able to meet the payment

of the remainder of the purchase price when it matured according to the terms of a mortgage of the premises; but he would undoubtedly hesitate to pledge his future energy and prospects of success in life in order to liquidate a deficiency judgment when the mortgagee was allowed to retain the sum which had been paid and also permitted to secure a title to the premises pursuant to the decree of foreclosure.

The right thus granted may be defeated by the mortgagee, who, by waiving his lien and maintaining an action at law on the promissory note or other obligation so secured, can procure a judgment for the entire amount due and obtain the sum so awarded by execution, if the debtor have sufficient property by the sale of which the judgment can be discharged: *Page* v. *Ford,* 65 Or. 450 (131 Pac. 1013, Ann. Cas. 1915A, 1048, 45 L. R. A. (N. S.) 247); *Walters* v. *Cooper,* 71 Or. 139 (142 Pac. 359). The practice pursued in these cases and the method of procedure resorted to therein were rendered possible because Section 426, L. O. L. prohibiting the granting of a deficiency judgment in case of a purchase price mortgage of real property, applies only to suits instituted to foreclose such lien, and not to actions at law based upon the note or other obligation. The original mortgagee knew, when the mortgage was given, that it was executed to secure a part of the purchase price of the mortgaged premises. When the promissory note and mortgage were assigned, it was incumbent upon the assignee to ascertain whether or not the security which he obtained was a purchase money mortgage, if he desired to foreclose the lien instead of bringing an action at law on the note to recover the amount thereof.

"All proceedings," says a text-writer, "to collect any deficiency arising on the sale of mortgaged prem-

ises under a foreclosure, are purely statutory'': Wiltse, Mort. Foreclosure (3 ed.), § 733.

Such being the case, it was not necessary to state in the note or mortgage herein that the lien was created to evidence a part of the purchase price of the mortgaged premises.

Finding no error, we must affirm the decree, and it is so ordered. AFFIRMED. REHEARING DENIED.

MR. JUSTICE BENSON and MR. JUSTICE McBRIDE concur in the result.

MR. JUSTICE BURNETT delivered the following opinion (concurring specially).

This is a suit to foreclose a mortgage given to secure a note for $3,000 of which the plaintiff is the indorsee by two successive transfers from the original payee. The instruments are both utterly silent about the debt being for part of the purchase price of the realty pledged. The makers mentioned that fact for the first time in their answer, and the only relief for which they pray is that no deficiency judgment be entered against them. There is no denial whatever of any allegation in the complaint. The new matter of the answer was denied by the reply, and the plaintiff alleged that he purchased the note long before the same became due and before default was made in the payment of the accruing interest, having paid full value for the same. The trial court adjudged and decreed that the plaintiff have and recover of and from the makers and the indorsers and each of them the full amount of the note, with interest at 6 per cent per annum from the date of the decree, and the further sum of $300, attorney's fees, and costs and disbursements taxed at $31, adding this clause, ''but that no deficiency

judgment be entered against the defendants L. Wimberly or Cora Wimberly." Besides this, the decree was in the usual form of foreclosure directing the application of the proceeds of the same to the liquidation of the expenses thereof, next to the payment of the judgment rendered, and lastly that the residue be paid into court for the benefit of the defendants as their interest might appear. The plaintiff appealed.

The sole contention here is that the court erred in declaring that no deficiency judgment be entered against the Wimberlys who signed the promise to pay. Unless modified by statute, the mortgagee may pursue all his remedies concurrently or successively: 2 Jones on Mortgages (7 ed.), § 1215 et seq.; *Dunkley* v. *Van Buren,* 3 Johns. Ch. (N. Y.) 330; *Vansant* v. *Allmon,* 23 Ill. 30; *Lichty* v. *McMartin,* 11 Kan. 565.

Section 422, L. O. L., reads thus:

"A lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit. In such suit, in addition to the decree of foreclosure and sale, if it appear that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also decree a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary decree for the recovery of money."

Section 426, L. O. L., is as follows:

"When judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given

therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same.''

The rule laid down by Jones has been thus modified by Section 429, L. O. L.:

''During the pendency of an action at law for the recovery of a debt secured by any lien mentioned in Section 422, a suit cannot be maintained for the foreclosure of such lien, nor thereafter, unless judgment be given in such action that the plaintiff recover such debt or some part thereof, and an execution thereon against the property of the defendant in the judgment is returned unsatisfied in whole or in part.''

Section 426, forbidding a deficiency judgment, was ingrafted upon our statute by the legislative assembly of 1903. Strictly speaking, there has never been such a thing as a deficiency judgment since our Code was adopted in 1862.

''A mortgage deficiency is the balance due after exhausting the property given as security. The deficiency is contingent until it is made certain by sale of the mortgaged property and application of the proceeds'': 1 Words and Phrases, Second Series, p. 1271.

It is said in 3 Jones on Mortgages (7 ed.), Section 1709a:

''The judgment contemplated is one for the balance of the debt after applying the proceeds of the sale. This can be rendered only when there are proper averments in the bill and a prayer for this relief. The bill or complaint must contain allegations of the amount actually due, then the first step is to ascertain what the amount of this balance is. Therefore a judgment for a deficiency can be had only when the sale is completed; and it can only be known what the deficiency is, upon the report of sale and its confirmation.''

A judgment, even for a deficit, must be certain as to amount, and this cannot be ascertained prior to return on execution and confirmation of sale.

Originally our statute was evidently designed to condense litigation, and so empowered the court to render a personal decree for the full amount due without limiting the plaintiff in equity to a mere foreclosure or driving him to law to recover the remainder of the debt. The statute is but an expression of the principle that equity having taken jurisdiction of the subject matter for one purpose would retain it for all. The provision of Section 422 to the effect that the court shall in its décree also award a recovery of the amount of the debt against the maker of the promissory note and other parties liable thereon, as in the case of an ordinary decree for the recovery of money, dispensed with deficiency judgments. The enactment of Section 426 was superfluous, because the terms of Section 422 had already obviated the necessity for the same. It is unthinkable that in the same suit there should be two decrees between the same parties for the recovery of the same debt. One having been already entered against the defendants in this proceeding under the authority of Section 422, it is the end of the law like any other judgment. The announcement of the court in advance that it will not hereafter render a deficiency judgment does not affect the case at this juncture. It will be time enough to grant or deny such relief, when and if the issue is presented for decision. While our statute has limited the original rule to the extent that no suit for foreclosure can be carried on during the pendency of a law action nor thereafter unless an execution against the property of the defendant is returned unsatisfied in whole or in part, it has not limited the right of the holder of a promissory note to maintain an action at law either before or after a foreclosure suit. That the action can be maintained before the equity suit is established by *Page* v. *Ford,* 65 Or.

450 (131 Pac. 1013, Ann. Cas. 1915A, 1048, 45 L. R. A. (N. S.) 247). The decision there is based upon the reason that Section 426, L. O. L., is applicable only to suits in equity. This is clearly true by the terms of the enactment itself, and consequently it cannot affect actions at law. Otherwise the conclusion in *Page* v. *Ford* would be illogical and erroneous.

Amplifying on the concurrency of remedies, Jones on Mortgages (7 ed.), in Section 1227 et seq., lays down the rule that the holder of the mortgage being entitled to recover the full amount of the mortgage debt, if there be a deficiency after the foreclosure of the mortgage, either by suit or under power of a sale he may maintain an action on the debt for what remains due, and a judgment for the deficiency does not open the sale nor authorize the debtor to redeem.

From the doctrine thus taught, it follows that a mortgagee does not waive his lien upon the realty pledged by maintaining an action at law upon the note. It is the principal thing. The mortgage is but an incident thereto. As between the debtor and creditor, the latter is not compelled to marshal his securities, nor to follow one to the exclusion of the other. He may pursue all the remedies which the debtor has by stipulation placed in his hands until he has accomplished the purpose of the contract, which is the payment of the principal debt. To hold otherwise would seriously interfere with the integrity of commercial paper. The writer therefore dissents from the statement in the opinion of Mr. Chief Justice MOORE that prior to the enactment of Section 426, L. O. L., our Code provided for a deficiency judgment, and that by bringing an action at law as in *Page* v. *Ford,* the creditor waives his mortgage security.

It seems that the question of deficiency judgment, if it ever should arise after confirmation under a foreclosure sale, is not affected by the fact that no mention was made in the note or mortgage that it was for a part of the purchase money of the land involved. It is to be determined whether the record of the conveyance of the land to the defendants and their pledge of it to their grantor is notice to the subsequent indorsees of the note and mortgage that they were given for part of the purchase price. As shown by the exemplification of the records of deeds and mortgages in evidence here, it is conclusively proven that the conveyance and the mortgage back are concurrent acts, forming but one transaction. The rule is thus stated in *Albright* v. *Lafayette Building & Savings Assn.,* 102 Pa. 411, 416:

"A purchaser of lands, finding a lien of record against his vendor, is bound to inquire into the incipiency of the vendor's title: *Gutherie* v. *Watson,* 24 Pittsb. Leg. J. 57. And a judgment or mortgage creditor of a vendee, finding a lien in the name of a vendor against the vendee, entered or recorded within the period regulated by law, is bound to take notice of it. He is thereby put upon inquiry, as to the nature, character, and consideration of the lien so found. No other notice is required. It is not even necessary that the lien should disclose upon its face the material fact that it is for purchase money, if, in point of fact, whether it be a mortgage or judgment, it was given for purchase money: *Parke* v. *Neeley,* 90 Pa. 52; *Cohen's Appeal,* 10 Wkly. Notes Cas. [Pa.] 544."

In a note to *Marin* v. *Knox,* 40 L. R. A. (N. S.) 272, reported also in 117 Minn. 428 (136 N. W. 15), it is said:

"It is the general rule, to which there is little dissent, that a mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto is a purchase money mort-

gage, and entitled to priority as such over all other claims or liens arising through the mortgagor; and this is true without reference to whether the mortgage was executed to the vendor or to a third person''— citing many authorities.

To like effect is *Flack* v. *Bremen,* 45 Tex. Civ. App. 473 (101 S. W. 537); *Harrow* v. *Grogan,* 219 Ill. 288 (76 N. E. 350).

It thus appears that there was enough on the public records to advise an indorser of the fact that the mortgage was for purchase money, and so give whatever lawful effect there may be to Section 426, if the court should ever take occasion to adjudicate the matter. In very truth, the plaintiff secured a personal decree against all the defendants so far as the court had jurisdiction to pronounce the same. None of them has appealed from that adjudication. The issue of deficiency judgment was not before the Circuit Court, nor could it be in any event, under any of the authorities, until after confirmation of the foreclosure sale. Up to this time the plaintiff has had no cause of complaint in this court.

For these reasons I concur in the conclusion reached by Mr. Chief Justice MOORE affirming the decree.