## UNION TRUST CO. OF SPOKANE v. WISEMAN.

(District Court, D. Oregon. February 8, 1926.)

No. 9650.

**1. Execution ⬤⟞38—Judgment creditor may levy on property mortgaged to secure note on which judgment was recovered.**

Judgment creditor, in enforcement of judgment on note secured by mortgage, may levy on and sell mortgaged property in satisfaction of his debt.

**2. Election of remedies ⬤⟞3(1)—Election of one remedy does not bar resort to another, unless they are inconsistent.**

Unless remedies are inconsistent, so that maintenance of one is abnegation of the other, adoption of one mode of redress will not be deemed an election excluding the right. or privilege of resorting to the other for relief.

**3. Election of remedies ⬤⟞7(1)—Any decisive act, with knowledge of rights, such as institution of suit, constitutes election of remedy.**

Where remedies are inconsistent, so that election of one will preclude assertion of the other, any decisive act of party, with knowledge of his rights and the facts such as institution of a suit to enforce one of the remedies, establishes his election.

**4. Election of remedies ⬤⟞3(1)—Suit on note not barred by institution of suit to foreclose mortgage securing it.**

Remedy by foreclosure of mortgage securing note for purchase price of realty and sale of mortgaged property is not so inconsistent with that of judgment for full amount of note that institution of foreclosure suit would bar suit on note, or vice versa, under Or. L. §§ 426, 429.

At Law    Action by the Union Trust Company of Spokane against Henry L. Wiseman; in which plaintiff filed a demurrer to defendant's plea in bar. Demurrer sustained.

Teal, Winfree, Johnson & McCulloch, of Portland, Or., for plaintiff.

Weatherford & Wyatt, of Albany, Or., and D. N. Mackay, of Condon, Or., for defendant.

WOLVERTON, District Judge. This is an action on a promissory note for $16,000, of date February 25, 1920. The note was given, together with a cash payment of a like amount, as the purchase price of certain real property. At the time of the execution of the note a mortgage was given back on the real estate purchased to secure payment of the note. On May 4, 1925, the plaintiff entered suit against Wiseman in the circuit court of the state of Oregon for Gilliam county, to foreclose the mortgage and to sell the real property covered by it and apply the proceeds to the payment of the note, interest, costs, and attorney's fees. After service of the complaint in the foreclosure proceeding, Wiseman interposed a demurrer thereto, which in due course was overruled by the court. Subsequently, on motion of plaintiff, the suit was dismissed by order duly rendered and entered by the court.

Defendant here has set up the matters of suit to foreclose and dismissal as a bar to plaintiff's action, claiming that plaintiff thereby made an election of remedies, which bars it of the right to sue now at law upon the note. The controversy presented for decision depends upon the legal effect of section 426, Oregon Laws, when read into the practice and procedure respecting the foreclosure of mortgages in Oregon. It reads:

"When judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same."

Construed in connection with a previous statute (section 429, Oregon Laws), which provides that, "during the pendency of an action at law for the recovery of a debt secured by any lien mentioned in section 422 [providing for the foreclosure of mortgage and other liens], a suit cannot be maintained for the foreclosure of such lien, nor thereafter, unless judgment be given in such action that the plaintiff recover such debt or some part thereof, and an execution thereon against the property of the defendant in the judgment is returned unsatisfied in whole or in part," the Oregon Supreme Court has held that, notwithstanding the note may be a purchase-price obligation, accompanied with a mortgage on the real property purchased to secure its payment, the holder is entitled to maintain an action thereon, disregarding the mortgage, and recover his judgment accordingly. Page v. Ford, 65 Or. 450, 131 P. 1013, 45 L. R. A. (N. S.) 247, Ann. Cas. 1915A, 1048.

[1] It is the general view in legal parlance that the judgment creditor may, in the enforcement of his judgment, even levy upon and sell the mortgaged property in satisfaction of his debt. In a subsequent case, Wright v. Wimberly, 79 Or. 626, 156 P. 257, it was held, in a suit to foreclose a mortgage

given on the premises to secure payment of the purchase-price obligation, that the mortgagee was not entitled to a deficiency decree, thus being declared in effect that the only relief that the mortgagee had (in this case the assignee of the note) was against the mortgaged property, and when that was extinguished that the mortgage debt was extinguished. This latter proposition is further illustrated and judicially confirmed in a later case between the same parties. Wright v. Wimberly, 94 Or. 1, 184 P. 740. Wright, having failed of recovery of the full amount of his note in the prior suit to foreclose on the purchase-price mortgage, instituted an action at law against Wimberly to recover the balance remaining over on his note after applying the proceeds of the mortgaged premises, which were duly sold under decree of sale. This brought to the court the vital question as to whether he was entitled to recover the balance alleged to be due him. The court, after great deliberation, but not without a division among the members thereof, held that Wright was without further relief on his obligation. And such is the final spoken word of the court on the subject.

[2] Obviously, the remedies are dissimilar. In the one, judgment can be had for the full amount of the note, and the judgment creditor is left to the general property of the judgment debtor for satisfaction of his judgment. In the other, the mortgagee is confined to the mortgaged property alone for reimbursement on the obligation. But are they such as the law characterizes as inconsistent, so that the maintenance of the one is the abnegation of the other? Unless they are, the adoption of one mode of redress will not be deemed an election, which will exclude the right or privilege of resorting to the other for relief. The rule is clearly stated in Thompson v. Howard, 31 Mich. 309, 312, where it is said that "a man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again."

[3] An illustration of inconsistent remedies, of a sort where an election of the mode of redress will preclude the assertion of the diverse remedy, is where one action is founded upon the affirmance and the other upon the disaffirmance of a voidable contract of sale of property. In such a case, the deliberate assertion of one remedy would be tantamount to the abnegation or renunciation of the other. In other words, the act of deliberate choice of one mode of redress would not only be an affirmance of that remedy, but at the same time, and by the same act, a palpable disavowal or disaffirmance of the other. Connihan v. Thompson, 111 Mass. 270, 272. In such a case any decisive act of the party, with knowledge of his rights and of the facts, determines his election, and the institution of a suit or action, with a view to enforcing one of the two remedies, will suffice to establish the election. Robb v. Vos, 155 U. S. 13, 41–43, 15 S. Ct. 4, 39 L. Ed. 52.

[4] It is now obvious that the remedies here under discussion are not of such a nature that the adoption of the one was the negation or repudiation of the other. They, in other words, are not so inconsistent that the institution of the suit to foreclose was a disaffirmance of the right to sue upon the note. The plaintiff simply has two coexisting remedies, with the right and privilege of choosing either mode of redress; but, when he makes his choice, the act of doing so cannot, in view of the character of the remedies, be construed or held to be a negation or disaffirmance of the other. So the remedies are not inconsistent in the sense that the adoption of the one will preclude resort to the other. What would be the effect, if the one adopted were carried to final determination, must be ascertained by what has preceded in the discussion of the Oregon cases.

The previous order overruling the demurrer will be recalled, and the demurrer will now be sustained.