ISABELLE V. SIMMONS

*v.*

JOHN W. STUM.

*Filed at Mt. Vernon January 18, 1882.*

1. RECORDING ACT—*of the rule of priority.* A mortgage on land was not recorded until after a conveyance by the mortgagor was made to a person having notice of the mortgage, which deed was recorded, and not until after a conveyance was made by such grantee to another who had no notice of the existence of the mortgage, the mortgage being recorded a few days after the making of the second conveyance. On bill to foreclose the mortgage, such last grantee failed to produce his deed, or show when it was recorded: *Held,* that as the evidence did not show such second conveyance was recorded prior to the recording of the mortgage, it could not take precedence over the mortgage.

2. Under our recording laws, the instrument first on record takes priority, without regard to the time of its execution. So, a subsequent deed will not take effect to cut off a prior mortgage, unless it is first put upon record.

APPEAL from the Circuit Court of White county; the Hon. THOMAS S. CASEY, Judge, presiding.

Mr. THOMAS G. PARKER, and Mr. S. F. CREWS, for the appellant.

Mr. P. A. PEARCE, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill to foreclose a mortgage, executed on the 22d day of September, 1874, by Isaiah McHenry, to the complainant in the bill, John W. Stum, to secure the payment of seven promissory notes, of $100 each, due, respectively, on the 1st day of March, 1876, 1877, 1878, 1879, 1880, 1881, and 1882, which were given for the purchase money of the mortgaged premises, consisting of 80 acres of land in White county. The bill was brought to foreclose the mortgage for the non-payment of the note due March 1, 1879, the notes which became due before that time having been paid.

It is alleged in the bill that the mortgage was recorded on the 15th day of March, 1879; that on the 7th day of November, 1878, Isaiah McHenry conveyed the mortgaged premises to William R. Cochran and Samuel Strong; that the grantees were informed, at the time of the conveyance, of the existence of complainant's mortgage, and that they took the deed subject to the mortgage. It is also alleged in the bill, that on the 13th day of March, 1879, Cochran and Strong conveyed the premises to Isabelle Simmons; that the conveyance was made without consideration, and for the purpose of defrauding complainant.

Cochran and Strong, and Isabelle Simmons, and the mortgagor, Isaiah McHenry, were made parties defendant to the bill. The defendants, Cochran, Strong and Simmons, put in an answer to the bill. A replication was filed, and a hearing had on the evidence, which resulted in a decree in favor of complainant, as prayed for in the bill, and the defendant Isabelle Simmons appealed.

There is no controversy in regard to the fact that Cochran and Strong had notice of the existence of complainant's mortgage at the time they obtained a deed to the mortgaged premises. The evidence upon this point is clear and undisputed. But it is claimed that Isabelle Simmons purchased the premises in good faith, without notice, and that she is

entitled to hold the premises as an innocent purchaser. The circumstances under which Isabelle Simmons obtained a deed for the land are calculated to create a strong suspicion that she knew, or had good reason to know, of the existence of complainant's mortgage, although there is no direct proof in the record that she had notice of the mortgage, or notice of such facts as might put a prudent person on inquiry.

But we do not find it necessary to determine whether appellant, at the time of the alleged purchase of the premises, knew of the existence of the mortgage or not, as the decree will have to be affirmed on another ground. It is alleged in the bill, and shown by the evidence, that the deed to Isabelle Simmons was executed on the 13th day of March, 1879. There is also proof in the record that the deed was recorded, but the deed was not introduced in evidence, and the record contains no evidence, in regard to the date, that the instrument was recorded. Conceding, then, that appellant purchased the mortgaged premises without notice of the existence of complainant's mortgage, if she failed to record her deed until after March 15, 1879, the date of the record of the mortgage, the deed would stand subordinate to the prior lien of the mortgage. Under our recording laws, the instrument first on record takes priority. *Brookfield* v. *Goodrich,* 32 Ill. 363.

The statute declares: "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect, and be in force, from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record." Rev. Stat. 1874, p. 278. The deed made to appellant could not take effect so as to cut off the mortgage unless it was first on record, and this fact appellant was bound to establish by the evidence. It may

be, that under the allegations of the bill appellant could not be required to prove the date of her purchase as that was alleged, but the bill contained no allegation in regard to the date of the record of the deed, and that was a vital fact, which appellant was bound to establish.

As the evidence fails to show that the deed was recorded prior to the mortgage, the decree giving the mortgage a prior lien must be affirmed.

*Decree affirmed.*