SUEL C. RUMERY, APPELLANT, V. STEPHEN S. LOY ET AL., APPELLEES.

FILED MAY 22, 1901. NO. 9,550.

1. **Priority of Liens:** REGISTRY ACT. Ordinarily, the right of priority as between persons claiming liens upon real property is to be determined by the registry act.

2. **Registry Act:** ASSIGNEE OF JUNIOR INCUMBRANCE. The law providing for the registration of instruments affecting land titles gives to the assignee of a junior incumbrance priority over a senior incumbrancer only in case his assignment is in registerable form and recorded before the senior incumbrance.

APPEAL from the district court for Custer county. Heard below before GRIMES, J. *Reversed.*

*Henry M. Kidder*, for appellant.

*Lester E. Kirkpatrick* and *John S. Kirkpatrick, contra.*

SULLIVAN, J.

This is a contest for priority between the appellant, Suel C. Rumery, and the appellee, William Fennimore, each of whom has a mortgage lien upon the northeast quarter of section 21, township 16 north of range 18 west, in Custer county. The trial court found

in favor of Fennimore and rendered a decree establishing his mortgage as a first lien upon the property. The decision seems to be grounded upon the following facts which the evidence tends to prove: The Rumery mortgage was executed on June 19, 1894, about eight o'clock in the forenoon. Afterwards on the same day the mortgagor, Stephen S. Loy, executed to H. W. Dickinson the mortgage of which Fennimore is now the owner. Dickinson was not an innocent purchaser, but his mortgage, which was first recorded, was assigned to Fennimore, who took it in good faith for an adequate consideration and without actual notice of Rumery's superior right. Both mortgages were of record in the office of the register of deeds at the time of the assignment to Fennimore. The Rumery mortgage professed to be a first lien, but the one to Dickinson made no sort of claim with respect to rank or priority. Upon these facts the district court held that Fennimore was an innocent purchaser of the Dickinson mortgage and therefore entitled to a first lien on the premises therein described. In our opinion the conclusion can not be sustained.

The rights of rival claimants in cases of this kind are not to be determined by the law of negotiable instruments, as counsel seem to think, but by the registry act, which was designed to protect those who are interested in knowing the state and condition of land-titles. It is clear, of course, that the Rumery mortgage, having been first executed, became a first lien on the property. And, since Dickinson was not an innocent purchaser, it is equally evident that it continued to be a first lien up to the time of the assignment of the second mortgage. Whether the assignment operated to make the first lien second and the second first, is a point that must be settled by consulting the registry law. There being no question of estoppel in this case, it is manifest that if a mortgage which is in truth a junior lien is to be given priority and enforced as a senior lien it must be by virtue

of the statute providing for the registration of every instrument affecting the title to any real property.

Section 16, chapter 73, of the Compiled Statutes of 1899, is as follows: "All deeds, mortgages, and. other instruments of writing which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, and other instruments, shall be first recorded: *Provided*, That, such deeds, mortgages, or instruments shall be valid between the parties." It can not be doubted that under the provisions of this section the first mortgage was valid between the parties thereto and invalid only as to creditors and subsequent purchasers in good faith without notice, whose deeds, mortgages, or other instruments should be first recorded. *Galway v. Malchow*, 7 Nebr., 285; *Mansfield v. Gregory*, 8 Nebr., 432; *Sheasley v. Keens*, 48 Nebr., 57; *Blair State Bank v. Stewart*, 57 Nebr., 58. Fennimore was, according to the findings of the court, a subsequent purchaser in good faith without notice (Compiled Statutes, 1899, ch. 73, sec. 45), but the instrument by which his right to a lien was acquired was not first recorded. Indeed it does not appear that he ever obtained an assignment in registerable form. To bring himself within the provisions of section 16 aforesaid it was necessary for Fennimore to show (1) that his ownership of the Dickinson mortgage was evidenced by an instrument entitled to be recorded; and (2) that such instrument had in fact been first placed upon the public records. *Galway v. Malchow, supra; Burns v. Berry*, 42 Mich., 176; *Fort v. Burch*, 5 Denio (N. Y.), 187; *Decker v. Boice*, 83 N. Y., 215; *Westbrook v. Gleason*, 79 N. Y., 23; *Smyth v. Knickerbocker Life Ins. Co.*, 84 N. Y., 589; *Chicago, R. I. & P. R. Co. v. Kennedy*, 70 Ill., 350. The first mortgage was therefore valid

as to Dickinson because he was not a subsequent purchaser in good faith without notice; and it was likewise valid as to Fennimore because it was of record in the office of the registrar at the time the assignment was made.    In this state the law plainly provides for the registration of mortgage assignments (Compiled Statutes, 1899, ch. 73, secs. 39, 46), and gives to the assignee of a junior mortgage priority over a senior incumbrancer only in case the assignment reaches the registrar's office before the first mortgage.    The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.