KILEY, ADMINISTRATRIX, RESPONDENT, *v.* DANAHEY, APPEL-
LANT.

(No. 4,511.)

(Submitted October 31, 1921. Decided December 19, 1921.)

[202 Pac. 1110.]

*Deeds—Cancellation—Want of Capacity in Grantor—Complaint
—Inconsistent Findings — Appeal and Error—When Com-
plaint Deemed Amended.*

Deeds — Cancellation — Want of Capacity in Grantor — Complaint — Suffi-
ciency.
1.  In an action by an administratrix to set aside a deed on the
ground that when her intestate executed it she was without under-
standing sufficient to make a valid contract, complaint examined and
*held* sufficient to permit of proof from which the inference could prop-
erly be drawn that the grantor in putting her cross to and delivering
the deed acted in obedience to the overpowering will of the grantee.
Same—Cancellation—Rescission—Complaint.
2.  Plaintiff having based her action on the ground that at the time
the deceased grantor executed the deed sought to be set aside she did
not have capacity to make a contract under section 3595, Revised
Codes and not on the ground that she was entitled to rescind under
section 3596, an allegation that she had restored or offered to restore
everything of value deceased had received from defendant was not
required.
Appeal and Error—When Complaint Deemed Amended.
3.  Where the sufficiency of the complaint was not tested by de-
murrer or objection to the admission of evidence under it during the
trial, it will, on appeal, be deemed amended to admit the evidence
necessary to support the judgment.
Deeds — Cancellation — Want of Capacity in Grantor — Inadequate Con-
sideration—Findings.
4.  Admissions of defendant, who claimed that the deed sought to be
set aside on the ground of want of capacity in the grantor to make
it had been made in consideration of a contract for the care and
keep of the grantor until her death, showing brutal treatment of the
grantor by defendant, an attempt on her part to have her placed in
the poor farm, *etc.,* warranted a finding of an intention on the part
of the defendant to obtain the property upon a grossly inadequate
consideration, as well as of lack of good faith on her part in the
transaction.
Inconsistent Findings—Rule.
5.  Findings complained of as fatally inconsistent are not so unless
they are so inconsistent as to require the rendition of a different
judgment upon any one or more of them or they have the effect of
destroying each other.

*Appeals from District Court, Silver Bow County; Edwin M.
Lamb, Judge.*

ACTION by Kate Kiley, administratrix of the estate of
Catherine Sullivan against Kate Danahey. From a judgment
for plaintiff and an order denying a new trial, defendant ap-
peals. Affirmed.

*Mr. W. D. Kyle,* for Appellant, submitted a brief and argued
the cause orally.

The complaint in this action is seen to be fatally defective
in its failure to show either that Catherine Sullivan was en-
tirely without understanding when she executed and delivered
the deed to the defendant, or, if not then entirely without
understanding but of unsound mind, a restoration to the de-
fendant of everything of value received from her or an offer
to do so. And it is not helped any by its allegations to the
effect that the defendant obtained the deed through fraud, as
sections 5063 and 5065 of the Revised Codes expressly require
even in cases of fraud a compliance with their provisions before
relief by rescission is accorded. (See *More* v. *Calkins,* 85 Cal.
177, 24 Pac. 729; *Castro* v. *Geil,* 110 Cal. 292, 52 Am. St. Rep.
84, 42 Pac. 804; *Jacks* v. *Estee,* 139 Cal. 507, 73 Pac. 247;
*Green* v. *Hulse,* 57 Colo. 238, 142 Pac. 416; *Ripperdan* v. *Weldy,*
149 Cal. 673, 87 Pac. 276, 279; *San Francisco Clearing House*
v. *MacDonald,* 18 Cal. App. 212, 122 Pac. 964, 966; *Cotter* v.
*Butte etc. Co.,* 31 Mont. 129, 134, 77 Pac. 509; *Duroderigo* v.
*Culwell,* 52 Okl. 6, 152 Pac. 605.)

Nor does the allegation in the complaint "that there was no
consideration for said deed" entitle the plaintiff to circumvent
the statute relative to rescission, when it is considered that the
law forbids destroying the legal effect of a written instrument
by parol proof. (*Arnold* v. *Arnold,* 137 Cal. 291, 70 Pac. 23,
24; *Palmer* v. *Continental Ins. Co.,* 6 Cal. Unrep. 455, 61 Pac. 784;
3 Ency. of Evidence, 394, 395; *Riddell* v. *Peck W. etc. Co.,*
27 Mont. 44, 58, 69 Pac. 241.) The deed in suit recites a con-
sideration, and the law presumes it was given for a consider-
ation. (Rev. Codes, sec. 5010.)

A judgment in this case that the deed is void would be in absolute disregard of certain of the court's findings and conclusions, which in legal effect show it to be voidable, and the same is true of a judgment that the deed is voidable. Hence, the judgments called for by these findings and conclusions would destroy each other. The test as to whether the judgment as rendered should be allowed to stand is whether the findings are so inconsistent that each requires the rendition of a different judgment, and thus mutually destroy each other. (*In re Murphy's Estate,* 43 Mont. 353, 362, Ann. Cas. 1912C, 380, 116 Pac. 1004; *Learned* v. *Castle,* 78 Cal. 454, 18 Pac. 872, 21 Pac. 11; *Maionchi* v. *Nicholini,* 1 Cal. App. 690, 82 Pac. 1052; *Birney* v. *Warren,* 28 Mont. 64, 72 Pac. 293; *Johnson* v. *Bielenberg,* 14 Mont. 506, 37 Pac. 12; *Authors* v. *Bryant,* 22 Nev. 242, 38 Pac. 439; *Langan* v. *Langan,* 89 Cal. 186, 26 Pac. 764; 38 Cyc. 1986.)

No appearance in behalf of Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was brought by the administratrix of Catherine Sullivan to set aside a deed executed and delivered by the deceased to the defendant on March 29, 1913.

The complaint alleges that the defendant Kate Danahey, by [1] repeated and constant fraudulent representations made by her to Catherine Sullivan, to the effect that she was the only friend who cared for or who would take care of her, induced and persuaded deceased to execute and deliver to her a deed of certain real estate of which she was then possessed, situate in the county of Silver Bow; that long prior to its accomplishment the deceased was so afflicted with disease of mind and body, age and general debility, that she was unable properly to take care of herself, wholly incapacitated from transacting or understanding the nature or effect of business or business transactions, and, on account of her weakened condition of mind, body, and reasoning faculties, by constant and repeated de-

mands, false representations, and importunities, she was sub-
servient to the will of those under whose care and custody she
came, and particularly of the defendant; that while in such
condition of mind and body defendant induced deceased to
execute and deliver to her the deed aforementioned, which she
would not have done but for the oppressive and unfair advan-
tage thus taken of her, the false and fraudulent representations
so made, and the great and controlling influence thus exerted.
The prayer is that the deed be declared null and void, and that
the defendant be ordered to convey the property to the plain-
tiff as administratrix of the deceased.

The issues were made up by an answer consisting of general
denials. The cause was tried by the court without a jury, and
written findings were made to the effect that the contract and
deed were invalid and without consideration, for the following
reasons: That on March 29, 1913, Catherine Sullivan was ''so
mentally and physically weak that she was entirely incompetent
to manage her own affairs, or to realize what she was doing,
so far as the conduct of any business or financial affairs was
concerned, and was entirely incapable of entering into any valid
contract of any kind or description''; and that while in that
condition she was by the defendant ''unduly influenced and
compelled to execute and deliver'' the two instruments to her;
that she was so physically weak and susceptible to the wiles and
undue influence of the defendant that she was unable to resist
her dominating will. The court also found that the whole con-
sideration was so fraudulent, unconscionable, unfair and inade-
quate that the transaction was invalid; and ''that the said
Kate Sullivan, subsequent to the execution of the said deed,
denied making the same, had no knowledge that she had made
it, and repudiated it in its entirety. The court also found that
the contract for the care and keep of the deceased until her
death, being the consideration for the deed, was after its
making violated, repudiated and abandoned by the defendant.

Upon the findings of fact, the court made conclusions of law
nullifying the contract and deed; awarded to plaintiff the sum

of $307.66, as the value of the rents, issues and profits of the property from the date of the transaction, and costs. From the judgment entered thereon and the order refusing a new trial, defendant appeals.

Appellant insists that the complaint is fatally defective in failing to allege that Catherine Sullivan, when she made the deed, was "entirely without understanding" within the meaning of section 3595 of the Revised Codes, and that a judgment based upon a complaint so fatally defective and supported by proof of no greater probative value than is shown here has no legal foundation at all. The trouble with counsel's argument is it assumes that neither the averment nor the proof sustains the finding that Catherine Sullivan was unable to understand the scope and effect of her purported agreement, or that she was unable, by reason of her lack of mental and physical strength, to resist the pressure of the importunities and commands of Mrs. Danahey. Involved and inapt as its averments are, the complaint, as a whole, states enough to admit proof from which the inference could fairly be drawn that the act of Mrs. Sullivan in putting her cross to the documents and handing them over to Mrs. Danahey were physical acts, responsive merely to the overpowering will and commands of the defendant—a substitution of her will for that of Mrs. Sullivan's, and was the consummation of one mind where two are indispensable.

In the case of *Murphy* v. *Nett*, 47 Mont. 38, 130 Pac. 451, the pleader undertook, in similar language, to make the same charges as are embodied in the complaint in the present action. Expressing the opinion of this court upon the sufficiency of that sort of a pleading, Mr. Justice Sanner uses this language: "As such influence is seldom exercised openly, it cannot be expected that a pleading should specify with particularity the entire details of the manner in which it was used. If ultimate facts are alleged from which the legal conclusion of undue influence fairly follows, it is sufficient to support proof." It therefore necessarily follows that if the proof is consistent with

and supports the allegations of entire lack of capacity to contract, counsel's argument upon that point is without merit.

He proceeds further, however, with the contention that the [2] complaint is fatally defective in omitting an offer to restore everything of value deceased received from defendant under the agreement, for the reason that the allegations and proof are that she was "of unsound mind" and "not entirely without understanding," and that the deed is valid until by allegation and proof the unsoundness of mind of the grantor has been judicially determined. As we understand section 3595 of our Codes, it declares that a person not having mental capacity enough to comprehend the nature and effect of a transaction "has no power to make a contract of any kind." Section 3595 is identical with section 38 of the Civil Code of California, and section 3596 with section 39 of the same Code of that state. The above two sections, to our minds, evince a legislative attempt to avoid conflicting judicial opinion as to when an instrument is utterly void or merely voidable. In *Ripperdan* v. *Weldy,* 149 Cal., on page 673, 87 Pac. 276, the language of the two sections referred to is interpreted by the supreme court of that state to our entire satisfaction. That case involved issues similar to those presented here, so that the following from that opinion is pertinent here: "Civil Code, section 38, provides that: 'A person entirely without understanding has no power to make a contract of any kind.   *   *   *   ' Section 39 reads: 'A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission, as provided in the chapter on Rescission of this Code.' In the one case the contract is void; in the other merely voidable. (See *More* v. *Calkins,* 85 Cal. 177, 24 Pac. 720.) In the case at bar no rescission has been or is attempted. Plaintiffs claim that the deed and bill of sale were absolutely void from the beginning. They attempted to establish a case within the purview of section 38. The phrase 'entirely without understanding,' as used in that section, means a want of capacity to understand trans-

actions of the kind involved.  (*Jacks* v. *Estee,* 139 Cal. 507, 73 Pac. 247.)  It is impossible that a person without the capacity of understanding a particular transaction can in fact understand it."

The sufficiency of the complaint was not tested by demurrer, [3]  nor by objection to the admission of evidence at the trial. It will, therefore, upon appeal, be deemed amended to admit the evidence necessary to sustain the judgment.  (*Ecclesine* v. *Great Northern Ry. Co.,* 58 Mont. 470, 194 Pac. 143.)  While it cannot as a pleading be commended for its perspicuity, its averments are broad enough to admit evidence to show that Mrs. Sullivan, when she signed the deed, was entirely without understanding and therefore unable to make a contract of any kind within the meaning of section 3595, *supra.*  The trial court so construed it, deemed the evidence adduced sufficient to establish her lack of power to make the contract, and so found.  This it was at liberty to do under the proof.

Defendant testified that some months after the execution of [4]  the deed she solicited and obtained aid from the county authorities of Silver Bow county in providing money for the support of Mrs. Sullivan; that she instituted an inquisition into her sanity, and endeavored to have her committed to the state asylum for the insane; tried to place her in the county poor farm, where she would be freed of the care and expense of keeping her; admitted that she struck her over the head with a window curtain rod; and by other harsh and cruel treatment drove her away from her home, making it necessary for her to find food and shelter in the home of Mrs. Kiley, where she remained until her death.  These ingenuous admissions of the defendant relate back to the events which occurred on and prior to March 29, 1913, when she secured the contract and the deed, and justified the court in attributing to the defendant an intention to obtain the property upon a grossly inadequate consideration, and show as· well a lack of good faith throughout the entire transaction.  Mr. T. J. Harrington, an attorney residing in Butte, was present at the execution of the instru-

ments, yet he was not called by defendant in her behalf. The above, with all the other evidence in the case, furnishes ample proof to support the findings.

In answer to the contention that the findings are so [5] inconsistent that they cannot all stand together, it is sufficient to say that they do not appear to be so inconsistent that the rendition of a different judgment upon any one or more of them is necessary, or that they have the effect of destroying each other. "This is the test by which must be determined the question whether the judgment as rendered should be allowed to stand." (*In re Murphy's Estate,* 43 Mont. 353, Ann. Cas. 1912C, 380, 116 Pac. 1004.)

Putting the case of appellant in its strongest light, we are unable to find any ground upon which the judgment ought to be disturbed. Therefore it and the order refusing defendant a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur in the result.