(No. 4996. May 8, 1928.)

WALTER ADAMS and J. K. VAUGHT, Appellants, v.
ARVID SATTERBERG and MARY SATTERBERG,
Husband and Wife, and R. M. ANGEL, Administrator
of the Estate of SARAH M. SMITH, Deceased, Defend-
ants, and R. M. ANGEL, Administrator of the Estate of
SARAH M. SMITH, Respondent.

[267 Pac. 445.]

272

Frank Croner and **J. G.** Hedrick, for Appellants.

R. M. Angel and W. A. Brodhead, for Respondent.

. BRINCK, Commissioner.—On February 4, 1921, Sarah M. Smith sold to plaintiff, J. K. Vaught, certain land in Camas county for the sum of $3,500, for the payment of which Vaught gave to her two notes for $500 each and one note for $2,500, the latter becoming due on November 1, 1924; and as security for the payment of said notes executed to her a mortgage upon the premises so purchased. Mrs. Smith never recorded this mortgage. On March 14, 1921, Vaught sold and conveyed the premises to the defendant, Arvid Satterberg, and as part of the purchase price received from Satterberg the latter's promissory note for

$7,000, to secure the payment of which Satterberg and his wife executed to Vaught a mortgage upon the said premises which was promptly recorded. It appears without contradiction in the record that Vaught represented to Satterberg at the time of this transaction that the land was free from encumbrances. Mrs. Smith died on May 30, 1923, and among her effects were found the Vaught mortgage and a note executed to her by Vaught of date November 1, 1922, and due November 1, 1925, for the sum of $2,300. This mortgage was recorded by her heirs on August 27, 1923. In the meantime Vaught had, on February 27, 1922, assigned to the plaintiff Adams an interest in the Satterberg note and had given him an assignment of the mortgage, which was recorded on October 24, 1922.

Adams and Vaught brought this action to foreclose the Satterberg mortgage and designated as parties defendant Satterberg and his wife and also R. M. Angel, as administrator of the estate of Mrs. Smith, alleging that the latter claimed some interest in the mortgaged premises, but that such claim was without right. The administrator, in connection with his answer, filed a cross-complaint, setting up the transaction of the Vaught mortgage to Mrs. Smith, alleging that the $500 notes secured by said mortgage had been paid, that $200 had been paid upon the $2,500 note and that the note for $2,300 was given in renewal of the balance so owing on the $2,500 note; asserting that the said Vaught mortgage was prior and superior to the Satterberg mortgage and that plaintiff Adams had notice of the Vaught mortgage when he took his assignment. It is also alleged in the cross-complaint that the conveyance to Satterberg was fraudulent as to Mrs. Smith. The prayer of the cross-complaint is for damages for the fraud in the amount of $2,300 and interest from the date of the alleged renewal note and also that the lien of plaintiffs' mortgage be postponed to the lien of the Vaught mortgage, and generally for other and further relief. The court found as facts, among other things, that the interest of Adams in the Satterberg note and mortgage was $4,231.30; that the

$2,300 note, executed by Vaught, was in renewal of an unpaid balance of the $2,500 note, secured by the mortgage and was unpaid; that Satterberg purchased the land without knowledge of the unrecorded Vaught mortgage and upon Vaught's representations that the land was not encumbered. The court did not find that plaintiff Adams had notice or knowledge of the Vaught mortgage; but, assuming that the Satterberg note was not negotiable, held as a conclusion of law that Adams took his interest in the Satterberg note and mortgage by assignment subject to any defect in the title of Vaught and that the Vaught mortgage was a lien upon the land superior to plaintiffs' mortgage; and entered a decree ordering sale of the premises for the payment of the full amount of the Satterberg note and interest, but providing that such sale should be made subject to the Vaught mortgage and that the plaintiffs should have personal judgment against the Satterbergs for any deficiency existing after the application to the payment of their note of the proceeds of such sale of the premises. There was no basis for any personal judgment against Mrs. Satterberg; and by the decree Satterberg was, in effect, subjected to the payment of both mortgages, although his rights were obviously superior to the Vaught mortgage; but neither he nor his wife have appealed from the decree. This appeal is prosecuted by the plaintiffs from that portion of the decree declaring the Vaught mortgage superior to the Satterberg mortgage.

At the trial plaintiff Vaught produced all of the original notes secured by the Vaught mortgage. We think, however, the evidence upon which the court found that the $2,500 note was not paid and that the $2,300 note was given in renewal of the balance owing thereon and in turn remained unpaid is sufficient to support the court's findings to that effect. As to Vaught, the finding that the mortgage held by the defendant administrator is superior to the Satterberg mortgage is sufficiently supported by the evidence.

As to Adams, however, there is no evidence which would support a finding that he had knowledge or notice of

the existence of the Vaught mortgage at the time he took and recorded the assignment of the Satterberg mortgage, and the court made no finding on this subject. The question of the priority of his rights over the Vaught mortgage does not depend upon whether or not the Satterberg note was negotiable, as counsel argue, but upon the recording statutes. (*Rumery v. Loy*, 61 Neb. 755, 86 N. W. 478; *Butler v. Bank*, 94 Wis. 351, 68 N. W. 998.) The Satterbergs, who alone are liable upon the mortgage held by plaintiffs, are making no defense; and the equities are not between them and Adams, but between Adams and a third party. C. S., sec. 5424, provides that every conveyance of real property, with exceptions not here involved, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded. We do not doubt the intention of the legislature to include in the term "mortgagee" any person occupying either as original mortgagee or as an assignee of a mortgage the position of a mortgagee. The term "mortgagee" in a proper case is held to include an assignee. (*Wright v. Wimberly*, 79 Or. 626, 156 Pac. 257; *People v. Edwards*, 56 Hun, 377, 10 N. Y. Supp. 335.) The assignee of a junior mortgage duly recorded takes it free from the lien of a prior mortgage which was unrecorded, unless he had notice thereof or has failed to comply with a statute requiring the recording of his assignment, notwithstanding his assignor's knowledge of the prior mortgage. (41 C. J. 684; 1 Jones on Mortgages, 8th ed., p. 825, sec. 598.) Whether such assignee must record his assignment prior to the recording of the senior mortgage in order to maintain his priority, we need not here determine. The Satterberg mortgage and the assignment thereof to Adams were both recorded prior to the recordation of the Vaught mortgage, and under any theory Adams is within the protection of the statute and his rights are superior to those of the defendant administrator.

Except for the matter of attorney's fees allowable upon the note held by the defendant administrator, it is unnecessary under the issues made by the pleadings, and the evidence introduced upon the trial, to order a new trial; full relief can be granted upon the present record by ordering a proper judgment entered. It is recommended that the judgment already entered be reversed and the cause remanded, with directions to the trial court to enter another judgment containing the following provisions:

That the amount now owing upon the note executed by the defendant Satterberg, together with interest thereon, the $500 attorney's fees allowed by the court and the costs of plaintiffs, be declared a lien upon the mortgaged premises and that such premises be sold for the purpose of paying said amounts, the amount of the proceeds of the sale remaining over after such payment to be paid to defendant Satterberg; and if the proceeds of said sale are insufficient to pay said amounts, that a deficiency judgment be entered against the defendant, Arvid Satterberg, therefor, such deficiency to be in favor of plaintiffs and cross-complainant respectively in the amounts remaining owing them after the distribution of the proceeds of sale as hereinafter provided; that the proceeds of said sale up to the amount for which said lien is allowed be applied as follows:

First, to the payment to plaintiff Adams of the amount of his interest in the note executed by the Satterbergs together with his costs and $500 attorney's fees; second, to the payment to defendant Angel, as administrator, of the amount now due upon the Vaught note, together with said administrator's costs in this proceeding; third, the balance, if any, of said proceeds so subjected to said lien to be paid to the defendant Vaught.

It is further recommended that, if within twenty days after filing of the *remittitur*, defendant administrator so elects, he may file with the clerk and serve upon the parties a notice rejecting the terms of the decree herein specified and claiming his right to new trial upon issues framed

to include his claim for attorney's fees upon the note held by him, and that on the filing of such notice a new trial be ordered by the district court.

Appellant Adams to recover costs.

The foregoing is approved as the opinion of the court and the judgment is reversed, with instructions to proceed in accordance with the foregoing opinion.

Costs to appellant Adams.

Budge, Givens and T. Bailey Lee, JJ., concur.