REGISTER LIFE INSURANCE CO., RESPONDENT, *v.* KENNISTON ET AL., DEFENDANTS; ARNOLD, ADMINISTRATOR, ET AL., APPELLANTS.

(No. 7,336.)

(Submitted February 2, 1935. Decided February 27, 1935.)

[43 Pac. (2d) 251.]

*Mr. Frank Arnold, Mr. Horace S. Davis* and *Mr. Rockwood Brown,* for Appellants, submitted a brief; *Mr. Davis* argued the cause orally.

*Mr. George S. Smith,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to foreclose a real estate mortgage. The defendant Ezra B. Kenniston and his wife, on October 27, 1916, made and delivered their promissory note to the plaintiff, payable to its order, in the sum of $8,500, maturing on October 27, 1921. To secure the payment of this note, the makers gave their mortgage deed upon a parcel of land in Park county, Montana, which was regularly recorded. On the date of the maturity of the note and mortgage, an extension agreement in writing was entered into between the mortgagors and the mortgagee, whereby the note was made due and payable on the twenty-seventh day of October, 1923. This instrument was regularly recorded.

On November 5, 1926, defendants Adams and Leland recovered a judgment against defendant Ezra B. Kenniston in Park county, which became a lien upon this real property for six years after the date of the docketing of the judgment, or until November 5, 1932. On November 2, 1929, plaintiff, through its president, executed a renewal affidavit conforming to the provisions of section 8267, Revised Codes 1921, which was thereafter recorded on November 6, 1929, in the office of the county clerk of Park county. On December 19, 1929, a further extension agreement was entered into between the mortgagors and the mortgagee, providing for the payment of the principal sum mentioned in the original then remaining unpaid, in installments at various dates of maturity; however, the last installment became due under the terms of this instrument on October 27, 1934. This extension agreement was recorded on December 31, 1929, in the office of the county clerk of Park county. On March 17, 1932, a writ of execution was issued on the judgment theretofore secured by defendants Adams and Leland against Ezra B. Kenniston, and under this execution the property described in the mortgage was on April 13, 1932, sold to the judgment creditors. A certificate of sale

evidencing this purchase was in due course of time issued by the sheriff of Park county.

It appears from the record that on January 15, 1932, Ezra B. Kenniston, the judgment debtor and one of the mortgagors, was, and ever since has been, insolvent. This action was commenced on March 25, 1932, by the mortgagee. Adams and Leland, the judgment creditors, were made parties defendant and answered affirmatively alleging, in substance, that by the first extension agreement of date October 27, 1921, the maturity date of the promissory note secured by the mortgage became October 27, 1923, and that no affidavit of renewal as provided for by section 8267, supra, was ever filed within sixty days after October 27, 1931, the date of the expiration of eight years from the maturity of the debt as provided by the first extension agreement. They further affirmatively alleged the securing of a judgment, its operation as a lien, the issuance of execution, sale thereunder of the lands and premises, and the issuance of the sheriff's certificate of sale therefor unto themselves, and then alleged that by reason of the facts plaintiff is estopped to assert the validity of the second extension agreement, and that the lien of its mortgage is superior and prior to the ownership of the mortgaged lands of these defendants.

The cause was tried by the court sitting without a jury. None of the defendants other than the judgment creditors referred to above appeared. Following the trial the district court made specific findings in favor of the plaintiff and against the defendants, and entered judgment foreclosing the mortgage, ascertaining the amount due, directing the sale of the lands and premises described in the mortgage, and decreeing that the answering defendants, judgment creditors of one of the mortgagors, be barred and foreclosed of all claim and right in or to the mortgaged premises and every part thereof. The appeal is from this judgment.

The appealing defendants have made numerous specifications of error, seeking to have reviewed the action of the trial court

in making findings, rejecting findings proposed by them, and making, rendering and entering its judgment.

The trial court found that the mortgage was extended by the filing of the affidavit of renewal in the office of the county clerk on November 6, 1929, which operated to renew the mortgage sought to be foreclosed. It further found that the extension agreement of December 19, 1929, operated to extend the mortgage.

The defendants contend that the affidavit of renewal filed on November 6, 1929, was prematurely filed under the provisions of section 8267, supra, and hence invalid. It is further contended that the extension agreement of December 19, 1929, by its terms effects a substantial impairment of defendants' rights, and is, therefore, of no force or effect against them. And lastly it is contended that the last-mentioned extension agreement is insufficient in substance, in that it neither contains, nor has attached thereto, any affidavit to the effect that the extension was not made for the purpose of hindering, delaying or defrauding creditors. Defendants concede that the extension agreement of October 27, 1921, is in all respects valid and binding upon them.

This appeal involves primarily the construction of sections 8267 and 8264, Revised Codes of 1921, and their operation and effect as so construed when applied to the facts in this case.

The pertinent portion of section 8267 provides as follows: "Every mortgage of real property made, acknowledged, and recorded, as provided by the laws of this state, is thereupon good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers, from the time it is so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee, * * * within sixty days after the expiration of said eight years, file * * * an affidavit"—setting forth certain facts. This statute has frequently been before this court for interpretation.

Section 8264 declares: "A mortgage of real property can be

created, renewed, or extended, only by writing, with the formalities required in the case of a grant of real property."

Section 8267 was enacted at a date subsequent to the enactment of section 8264. Since the amendment of section 8267 by Chapter 104, Laws of 1933, was passed subsequent to the commencement of this action, it is without application here.

It has been definitely decided by this court that section 8267 does not provide an exclusive method for extending the vitality of real estate mortgages. (*O. M. Corwin Co.* v. *Brainard*, 80 Mont. 318, 260 Pac. 706; *Vitt* v. *Rogers*, 81 Mont. 120, 262 Pac. 164, 167; *Hastings* v. *Wise*, 89 Mont. 325, 297 Pac. 482, 485; Id., 91 Mont. 430, 8 Pac. (2d) 636.)

Defendants concede that a real estate mortgage may be extended in the manner provided by section 8264, but assert that under that section a mortgage may not be extended so that it remains valid for any greater period of time, as against creditors and the other persons enumerated in section 8267, than it might so exist under the provisions of the latter section. They argue that under the provisions of 8267 a mortgage is good and valid for the period of eight years after the maturity of the entire mortgage debt, and that by filing an affidavit of renewal within the sixty-day period immediately following the eight-year period after the maturity of such debt, complying with the provisions of 8267, the mortgage may be revitalized for an additional eight years. They say that by proceeding under the provisions of section 8267, the maximum life of a mortgage, as against the persons enumerated therein, is sixteen years after the maturity of the entire mortgage debt; and that, since this court expressly determined in the case of *Vitt* v. *Rogers*, supra, these two statutes to be *in pari materia*, and because of certain language used in that opinion, which we will presently notice, the parties proceeding under 8264 may not extend the mortgage so that it is valid for any greater period of time than it would have so remained, had the mortgagee proceeded under the provisions of section 8267.

As applied to the facts of this case, it is urged that the mortgage matured in 1923; that sixteen years from that date

is 1939; that by the terms of the second extension agreement the mortgage indebtedness does not mature in its entirety until 1934; and that, since under section 9029, Revised Codes 1921, the statute of limitations for actions on written contracts is eight years, the mortgage will be valid until 1942, if this second agreement is allowed to stand. It is pointed out that in the *Corwin* and *Vitt Cases*, supra, the extensions there under consideration did not operate to extend the life of the mortgage beyond the limit of the sixteen-year period, and that, therefore, these cases are not decisive of the question at hand.

The cornerstone of defendants' argument is based upon certain language used in the *Vitt Case*, supra, wherein this court, after deciding that within the eight-year period following the maturity of the debt the parties to the mortgage might enter into an extension agreement under the provisions of section 8264 which would be good as against the persons enumerated in section 8267, said: "By construing sections 8264 and 8267 *in pari materia* we may apply this limitation to 8264."

Statutes which are not inconsistent with one another, and which relate to the same subject matter, are *in pari materia* and should be construed together (2 Lewis & Sutherland on Statutory Construction, 2d ed., p. 845), and effect given to both if it is possible to do so. (*Wilkinson* v. *La Combe*, 59 Mont. 518, 197 Pac. 836.) Prior to the enactment of section 8267, under the provisions of 8264, the parties to a mortgage were free to extend it at any time. When this court used the above-quoted language in the *Vitt Case* and said that the limitation of eight years specified in 8267 might be applied to section 8264, it thereby determined that the rights of the parties to extend the mortgage under 8264 were thereby curtailed so that they could not be exercised except within the eight-year period following the maturity of the entire mortgage debt; but it was not there said, nor was the court to be understood as saying, that the provisions of these two sections were to be treated as being incorporated, one into the other. We appreciate it is frequently said that statutes *in pari materia* should be read in connection with each other as constituting one law

(*Putnam* v. *Putnam*, 86 Mont. 135, 282 Pac. 855), but this is merely another way of stating the proposition that they must be construed together.

This court has heretofore upheld, in the case of *Hastings* v. *Wise*, supra, the extension of a real estate mortgage which was extended for a greater period than sixteen years following its original maturity. There the mortgage matured on April 1, 1919. On January 13, 1919, the then owner of the mortgaged premises and the owner of the mortgage entered into an agreement extending the maturity of the mortgage notes for a period of ten years from April 1, 1919, to April 1, 1929. The agreement was not recorded until after the maturity of the notes as so extended. In other words, by this extension agreement the mortgage was good and valid for eighteen years from its first maturity.

Where the legislative body has expressly spoken in respect ▆ to a given matter, that express legislation must control in the absence of subsequent legislation equally express, and is not overthrown by mere inferences or implications to be found in subsequent legislation. (25 R. C. L. 1065; *Rosecrans* v. *United States*, 165 U. S. 257, 17 Sup. Ct. 302, 41 L. Ed. 708.) It is only by such an implication that the conclusion contended for by defendants can be sustained, conceding, as we must, in the light of our previous decisions, that these two sections are not inconsistent and may be and are construed so that each section is operative in its own proper sphere. A real estate mortgage may "be extended by a compliance with the provisions of either section 8267 or 8264." (*Hastings* v. *Wise*, supra.)

What we have already said disposes of the contention that ▆ the second extension agreement was invalid because of lack of the affidavit by the mortgagee to the effect that the agreement was not made to hinder, delay or defraud creditors as provided by section 8267. The second extension agreement was good and valid as against third parties, and the trial court was not in error in so finding.

In view of our conclusion on the questions already discussed, it is unnecessary to determine whether or not the affidavit of renewal filed on November 6, 1929, was premature, and on this subject we express no opinion.

The trial court found by finding No. 8 that the mortgage ██ was extended by affidavit filed in 1929, and by finding No. 6 that it was extended by the first extension agreement to October 27, 1923. It is urged that these findings are inconsistent, and that therefore the judgment cannot stand under the rule announced by this court in *Kiley* v. *Danahey*, 61 Mont. 608, 202 Pac. 1110. The court by finding No. 6 found, in addition to the matter already noted, that the second extension had been made and recorded. The further portion of the finding cannot be said to be in anywise inconsistent with finding No. 8, and, in any event, as we view the situation, finding No. 8 is wholly unnecessary in order to support the judgment. The other findings are ample to sustain it. Judgment affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.